**TC 2010 011**

# NOTICE OF CLAIM
(Pursuant to 51 Okla. Stat. §156)

RECEIVED
FILED MAR 2 6 2010
DCS RISK MANAGEMENT
2010 MAR 26 A 11: 11

CITY OF
OKLAHOMA CITY, OKLA
OFFICE OF
CITY CLERK

**TO:** Office of Risk Management Administrator
Department of Central Services
Will Rogers Office Building, Suite 202
P. O. Box 53364
Oklahoma City, Oklahoma 73152-3364

on behalf of the

State of Oklahoma

and

Carolyn Caudill
Oklahoma County Clerk
320 Robert S. Kerr
Oklahoma City, Oklahoma County, Oklahoma 73102

on behalf of the

Board of County Commissioners of Oklahoma County

and

City Clerk's Office
Frances Kersey, City Clerk
200 N. Walker, 2nd Floor
Oklahoma City, Oklahoma 73102

on behalf of

The City of Oklahoma City

**CLAIMANT:** PARIS LaPRIEST POWELL
4420 Lunow Drive
Oklahoma City, Oklahoma 73135
405-323-3844
c/o Mark Barrett
Attorney at Law
101 East Gray, Suite C
Norman, Oklahoma 73069
(405) 364-8367

STATE OF OKLAHOMA
2010 MAR 26 A 11: 30

FILED IN OFFICE
COUNTY CLERK
OKLAHOMA CITY, OKLA.

MAR 26 2010

CAROLYNN CAUDILL County Clerk, Okla. Cnty.
_____ Deputy

## PARTICULARS OF CLAIM

**DATE OF CLAIM:** This Claim is dated March 26, 2010.

**TIME OF CLAIM:** The events and circumstances giving rise to this claim began on June 24, 1993 – the date on which the homicide investigation of Powell began – and continued until October 2, 2009 – the day charges were dismissed and Powell and his co-defendant were

Exhibit 1

released from custody. Powell was charged, *State v. Douglas, Powell*, No. CF-1993-3926 (DC Okla. Co.), on July 1, 1993. He was found guilty and given a death sentence on May 28, 1997. Injuries were incurred at least from the time of filing charges and have been ongoing since that time. Some of the incidents giving rise to the claim are identified in the decision of the United States Court of Appeals for the Tenth Circuit in *Douglas, Powell, v. Workman*, 560 F.3d 1156 (10th Cir., March 26, 2009). The mandate issued in the Tenth Circuit case as to Claimant Powell on June 4, 2009.

Physical injuries were incurred by Powell, by reason of assaultive actions of employees of the Oklahoma County Sheriff's Office, on or about June 30, 2009 and on July 22, 2009. Other maltreatment of Powell occurred in Oklahoma County jail during his incarceration there in 2009. As a response to Powell's allegations of assault, Powell was charged with two counts of assault and battery on a police officer on July 13, 2009. Those charges were dismissed on October 2, 2009.

**PLACE OF CLAIM:**   Claimant was continuously confined from the time of his arrest in 1993 until his release on October 2, 2009. He was confined in Oklahoma County Jail from the date of arrest in 1993 until shortly after the conviction in 1997. He was in Oklahoma County Jail again from shortly after the March 26, 2009 Tenth Circuit decision until his release on October 2, 2009. The remainder of the incarceration – beginning in 1997 and ending in 2009 – was on death row at the Oklahoma State Penitentiary in McAlester, Oklahoma.

**CIRCUMSTANCES:**   Upon information and belief, Claimant states as follows:

The circumstances of this claim and the involved governmental persons and agencies are generally set out by the United States Court of Appeals for the Tenth Circuit in the above referenced opinion in *Douglas, Powell v. Workman*, 560 F.3d 1156 (10th Cir., 2009) which facts and allegations are incorporated herein by reference.

Information provided herein may relate to claims stated in the alternative even though they may be conflicting based upon a lack of information necessary to formulate the proper specific claim prior to discovery, but is based upon information and belief.

For specific general reference, the following additional information is stated herein:

Claimant was arrested in 1993 and charged with Murder in the First Degree and Shooting with Intent to Kill in No. CF-1993-3926 in the District Court of Oklahoma County. Claimant remained continuously confined either in Oklahoma City or in a state penitentiary until release.

Claimant was convicted on May 28, 1997 based upon the false and perjured testimony of Derrick Smith, which false testimony was illegally induced, coerced, and suborned by Brad Miller, an assistant district attorney.

Smith's testimony was initially elicited by members of the Oklahoma City Police Department who passed on to the District Attorney's Office information that claimant was one of the assailants, despite the information as to claimant being contradictory and unreliable. A reasonable investigation by the Oklahoma City Police Department either did show or would have shown that Smith was relying on hearsay and conjecture in mentioning Powell's name to police and such information, if known by police, was not sufficiently communicated and/or negligently miscommunicated.

Miller coerced or threatened other witnesses in the matter.

Miller took actions on Smith's behalf to end or minimize Smith's sentences or charges. Miller contacted Warden Bobby Boone seeking to assist Smith in obtaining meritorious earned credit or the restoration of "lost earned credits." These actions, some after Powell's trial, to aid Smith were, according to Miller, unrelated to his prosecutorial duties in the office of the Oklahoma County District Attorney.

Miller continued to assist Smith with his criminal problems even after he left the office of the district attorney in order to persist in the wrongful conviction by seeking to obtain favorable treatment for Smith, dismissal of charges, and other matters. These actions were taken, in part, to attempt to prevent Smith from recanting his untruthful testimony.

Derrick Smith, of his own accord, recanted his trial testimony against Claimant in an unsolicited letter. Smith was eventually interviewed by investigators Carl Reed and Doug Brower of the Attorney General's office who told him he might face perjury

charges if he did not withdraw his statements that he had fabricated the identifications of Powell and co-defendant Douglas.
The actions of representatives of the attorney general's office were successful in that Smith, after that point, recanted his admission to having made up testimony against Powell and Douglas, thus extending the confinement of claimant.

Upon information and belief, Claimant states that the Attorney General and other agencies of the State began a wrongful investigation of Claimant's counsel and persons associated or employed by Claimant's counsel in an attempt to prevent the proper and appropriate investigation of Claimant's case and to continue the wrongful confinement of Claimant.

Policies and practices of the Office of the District Attorney encourage "tacit agreements." Such tacit agreements, pursuant to police of the district attorney's office, are improperly withheld by the District Attorney's Office by subterfuge.

Claimant reserves the right to present additional claims as may be revealed by further investigation.

Claimant has never entered a guilty plea to either the murder charge or any lesser included offense. He has not entered a guilty plea any of charges accompanying the homicide charges nor to the 2009 assault charges. He has not pleaded guilty to a lesser included offense of any of the charges mentioned.

The term of imprisonment was being served solely for the convictions in Case CF-1993-3926.

**RELIEF DEMANDED:** For purposes of settlement only, and not by way of limitation since emotional distress is still ongoing, Claimant demands the sum of $16,000,000.00 constituting damages for 16 years of confinement, lost wages, emotional distress, and other psychological damages relating to his wrongful felony conviction. No claim is made herein for any loss for violation of federal civil rights.

NOTICE OF CLAIM                                                                              PAGE 5

**REPRESENTATIVE:**          **MARK BARRETT**
(person authorized           *Barrett Law Office*
to settle claim)             101 East Gray, Suite C
                             Norman, Oklahoma 73069-7257
                             (405) 364-8367; 404-366-8329 (fax)

                             ATTORNEY FOR CLAIMANT

All communication regarding this Claim is to be directed to the above shown representative.

ATTORNEY'S LIEN CLAIMED.

**DATE OF CLAIM:**           Dated this __26th__ day of MARCH, 2010.

                             _____
                             **MARK BARRETT**
                             Attorney for Claimant