IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PARIS LaPRIEST POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: CIV-10-1294-D |
| | ) |
| (1) ROBERT BRADLEY MILLER, individually; (2) ROBERT BRADLEY MILLER, in his official capacity; (3) THE STATE OF OKLAHOMA; (4) OKLAHOMA COUNTY, OKLAHOMA; (5) DURBIN, LARIMORE, and BIALICK, a professional corporation, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MOTION TO DISMISS AND BRIEF IN SUPPORT

**COMES NOW t**he Defendant Oklahoma County, Oklahoma, by and through John M. Jacobsen, appearing specially, and respectfully requests dismissal of Plaintiff's Complaint pursuant to Fed.R.Civ. 12(b)(6) for failure to state a claim upon which relief may be granted, and pursuant to 19 Okla. Stat. § 4, failure to properly name the county. In support of this motion to dismiss, Oklahoma County submits the following:

### STANDARD FOR DISMISSAL

Pursuant to Rule 12(b)(6), a party may move to dismiss a claim for relief based on the failure to state any claims upon which relief may be granted. A motion to dismiss may be granted if, "viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain

'enough facts to state a claim to relief that is plausible on its face'" *Anderson v. Suiters,* 499 F.3d 1228, 1232 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1968-69 (2007)). In order to survive a motion to dismiss for failure to state a claim upon which relief may be granted, factual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true even if doubtful in fact. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1968-69 (2007). Defendant recognizes allegations made in Plaintiff's Complaint must be taken as true. Yet the Court need not accept as true legal conclusions from the complaint or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal,* --- U.S. ---, 129 S.Ct. 1937 (2009) (quoting *Bell Atlantic,* 550 U.S. at 557); *Maher v. Durango Metals, Inc.,* 144 F.3d 1302, 1304 (10th Cir. 1998) (court must distinguish conclusory allegations from factual assertions in determining sufficiency of complaint). [A] court should not assume the role of advocate, and should dismiss claims which are supported only by vague conclusory allegations. *Northington v. Jackson,* 973 F.2d 1518, 1520-1521 (10th Cir. 1920).

## BRIEF IN SUPPORT

## ARGUMENT AND AUTHORITY

### PROPOSITION I

### PLAINTIFF HAS FAILED TO PROPERLY NAME OKLAHOMA COUNTY AS A DEFENDANT

Plaintiff has brought this action against defendant "Oklahoma County" which, as designated in Plaintiff's Complaint, is not a properly named entity and lacks capacity to

be sued. Title 19, Section 4 provides, "In all suits or proceedings by or against a county, the name in which a county shall sue or be sued shall be, 'Board of County Commissioners of the County of _____,'… ." In *Green Construction Co. v. Oklahoma County*, 174 Okla. 290, 50 P.2d 625 (1935), the Oklahoma Supreme Court held the requirement provided by 19 O.S. § 4 was mandatory in all suits against a county. Thus, as presently designated, "Oklahoma County" lacks capacity to be sued, *a fortiori* this Court lacks jurisdiction over the defendant, and under Fed.R.Civ.P. 12(b)(6), Plaintiff has failed to state a claim upon which relief can be granted.

## PROPOSITION II

**PLAINTIFF FAILED TO EXHAUST ADMINISTRATIVE REMEDIES**

The Prison Litigation Reform Act ("PLRA") contains an exhaustion requirement which provides:

> [n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a). The PLRA's exhaustion requirement applies to "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Kikumura v. Osagie*, 461 F.3d 1269, 1281 (10th Cir. 2006). Exhaustion is mandatory and district courts are not authorized to dispense with the requirement. See *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003).

To comply with the PLRA's exhaustion requirement, an inmate must properly exhaust administrative remedies. *Woodford v. Ngo*, 126 S.Ct. 2378, 2387 (2006); *Aceves v. Jeffers*, 196 Fed.Appx. 637, 639 (10th Cir. Aug. 10, 2006). Proper exhaustion requires compliance with deadlines and other critical procedural rules. *Ngo*, 126 S.Ct. at 2386. "[T]he substantive meaning of § 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." *Steele v. Fed. Burear of Prisons*, 355 F.3d 1204, 1207 (10th Cir. 2003) (internal quotations omitted).

In the instant case, Plaintiff has failed to assert he complied with the administrative process before seeking relief from this honorable Court. Plaintiff's Complaint is devoid of any factual support regarding Plaintiff's filing of a Request to Staff or a Grievance in compliance with the administrative procedures at the OCDC.

Therefore, Plaintiff failed to exhaust his administrative remedies as required in 42 U.S.C. § 1997e(a) of the PLRA and Defendant County is entitled to dismissal.

## PROPOSITION III

### OKLAHOMA COUNTY IS NOT LIABLE FOR THE ACTIONS OF SHERIFF DEPUTIES

**A. Plaintiff fails to allege Oklahoma County's control over sheriff personnel.**

Plaintiff has failed to state any legal theory by which Oklahoma County is responsible for the actions of Oklahoma County Sheriff ("Sheriff") personnel. Oklahoma County [or for that matter, the Board of County Commissioners of Oklahoma County] has no authority over Sheriff personnel. For Oklahoma County to be held responsible, Plaintiff must first correctly name the proper entity and show how it caused

4

the harm through the execution of its own policy or custom by those whose edicts or acts may fairly be said to represent official policy. *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). When a policy is not unconstitutional in itself, liability cannot be established solely on a showing of a single incident of unconstitutional activity. *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823-24 & 831 (1985)(plurality & Brennan, J., concurring in part & concurring in the judgment).

Furthermore, under Oklahoma law, a sheriff is responsible for the proper management of the jail in his county. Okla.Stat.Ann. tit. 19, §§ 513 & 547(A).

> The sheriff, or such person designated by law in his place, shall have charge of the county jail of his county and of all persons by law confined therein, and such sheriff or other officer is hereby required to conform, in all respects, to the rules and directions promulgated pursuant to Section 192 of Title 74 of the Oklahoma Statutes and of the district judge and communicated to him by the proper authority.

Okla.Stat.Ann. tit. 57 § 47. The Sheriff is also responsible for the conduct of Sheriff deputies pursuant to Okla Stat. Ann. tit. 19 § 547(A).

> The sheriff shall be responsible for the official acts of the undersheriff and deputy sheriffs, and may revoke such appointments at the pleasure of the sheriff; provided, however, for counties with a population of five hundred thousand (500,000) or more persons, according to the latest Federal Decennial Census, with the exception of chief deputies and undersheriffs, all deputy sheriffs and detention officers shall serve a five-year probationary period during which the deputy sheriff or detention officer shall be considered an at-will employee. After the five-year probationary period, such deputy sheriff or detention officer shall not be discharged except for just cause. The sheriff or the undersheriff may in writing depute certain persons to do particular acts.

Okla.Stat.Ann. tit. 19 § 547(A). As stated in this section, it is the Sheriff who controls the acts of his subordinates, not Oklahoma County.

## B. Plaintiff fails to show Oklahoma County is the policymaker for the Sheriff's Department.

Oklahoma County does not set policy for the Sheriff's Department. The general powers of Oklahoma County government are enumerated in 19 O.S. § 339 and allows the County—through the Board—to set only minimum policy standards for county employees. No where in section 339 does it grant Oklahoma County the power to set policy for the Sheriff's Department. Under Oklahoma law, the sheriff is the final policymaker for a county jail. *Estate of Crowell ex rel. Boen v. Board of County Com'rs of County of Cleveland*, 237 P.3d 134, 142 (Okla. 2010). Even further, Plaintiff does not assert in his Complaint the policies of the Sheriff or Oklahoma County are unconstitutional. As stated in *Tuttle*, if the policy is not unconstitutional, more than a mere showing of a single incident of unconstitutional activity is required to hold the Sheriff or the BOCC liable.

"A supervisor is not liable under section 1983 unless an `affirmative link' exists between the [constitutional] deprivation and either the supervisor's `personal participation, his exercise of control or direction, or his failure to supervise.'" *Meade v. Grubbs*, 841 F.2d 1512, 1528 (10th Cir.1988) (quoting *Specht v. Jensen*, 832 F.2d 1516, 1524 (10th Cir.1987)). Oklahoma County has no statutory authority to hire, train, supervise or discipline the county sheriffs or their deputies. *Id.* at 1528 (*See also* Okla.Opin.Atty.Gen. No. 79-98, at 145 (May 15, 1979) ("[t]he District Attorney and the Sheriff are the only two [county] offices which involve any law enforcement duties"). Okla.Opin.Atty.Gen. No. 76-338, at 410 (Nov. 16, 1976) (Board of County

Commissioners lacks authority to designate the number of deputies that a county officer may appoint)). Plaintiff does not allege Oklahoma County voluntarily undertook this responsibility and as a result there is no "affirmative link" with the alleged assault. Therefore, Oklahoma County cannot be liable under 42 U.S.C. § 1983 or The Governmental Tort Claims Act.

Municipal liability will only occur when the existence of a policy or custom is the direct causal link of the injury alleged. *Hinton v. City of Elwood*, 997 F.2d 774, 782 (10th Cir.1993).

> A policy or custom may take the form of (1) "a formal regulation or policy statement"; (2) an informal custom "amoun[ting] to 'a widespread practice that, although not authorized by written law or express municipal policy, is so permanent and well settled as to constitute a custom or usage with the force of law'"; (3) "the decisions of employees with final policymaking authority"; (4) "the ratification by such final policymakers of the decisions – and the basis for them – of subordinates to whom authority was delegated subject to these policymakers' review and approval"; or (5) the "failure to adequately trains or supervise employees, so long as that failure results from 'deliberate indifference' to the injuries that may be caused."

*Bryson v. City of Oklahoma City*, ___ F.3d ___ (published 10th Cir. Nos. 09-5143 & 09-6182 filed December 6, 2010) (citing *Brammer-Hoelter v. Twin Peaks Charter Acad.*, 602 F.3d 1175, 1189-90 (10th Cir.2010) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988) and *City of Canton v. Harris*, 489 U.S. 378, 388-91 (1989)). Acknowledging the difference between municipalities and counties, these factors should be extended to county government as well.

Plaintiff has not stated a claim by which Oklahoma County is liable. Applying the five factors listed herein, Plaintiff has not alleged any policy or custom Oklahoma County

created that was the direct causal link to the injury. As a result, there is no claim for which relief may be granted. The County should be dismissed.

## PROPOSITION IV

### OKLAHOMA COUNTY IS NOT LIABLE FOR THE ACTIONS OF THE OKLAHOMA COUNTY DISTRICT ATTORNEY'S OFFICE OR ITS EMPLOYEES

If Plaintiff is attempting to hold Oklahoma County liable for the actions of former Oklahoma County Assistant District Attorney Robert Bradley Miller ("Miller"), such claim is without merit. Miller has never been an employee of Oklahoma County. "All appointees and employees of district attorney…shall be deemed to be state officers or employees for all purposes." 19 O.S. § 215.30(B). In *Erickson v. Pawnee Board of County Commissioners*, 263 F.3d 1151 (10th Cir.2001), the court found a district attorney to be an "arm of the state" and thus the county is not liable for the actions of the district attorney. *Erickson* at 1153. (*see also Arnold v. McClain*, 926 F.2d 963, 965-66 (10th Cir.1991). As an employee of the state, Miller's actions are not attributable to Oklahoma County.

## CONCLUSION

**WHEREFORE**, Oklahoma County requests this Court enter an Order dismissing Plaintiff's Complaint (Doc. 1) and for all other relief deemed just and equitable.

        Respectfully submitted,

        DAVID PRATER
        DISTRICT ATTORNEY

By:     */s/ John M. Jacobsen*
JOHN M. JACOBSEN, OBA # 11879
ASSISTANT DISTRICT ATTORNEY
320 Robert S. Kerr, Room 505
Oklahoma City, Oklahoma 73102
johjac@oklahomacounty.org
Attorney for Oklahoma County, Oklahoma

**CERTIFICATE OF SERVICE**

I hereby certify that on the 13th day of April, 2011, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark Barrett
P.O. Box 896
Norman, Oklahoma 73070
405-364-8367
(405)-366-8329 (fax)
barrettlaw@sbcglobal.net
ATTORNEY FOR PLAINTIFF

    */s/ John M. Jacobsen*