## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PARIS LaPRIEST POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. CIV-2010-1294-D |
| | ) | |
| ROBERT BRADLEY MILLER, | ) | |
| individually, ROBERT BRADLEY | ) | |
| MILLER, in his official capacity; | ) | |
| THE STATE OF OKLAHOMA; | ) | |
| OKLAHOMA COUNTY, | ) | |
| OKLAHOMA; DURBIN, | ) | |
| LARIMORE and BIALICK, | ) | |
| a professional corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT DURBIN, LARIMORE AND BIALICK'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

George S. Corbyn, Jr., OBA No. 1910
Amy J. Pierce, OBA No. 17980
CORBYN HAMPTON, PLLC
One Leadership Square
211 North Robinson, Suite 1910
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-7055
Facsimile: (405) 702-4348
Email: gcorbyn@corbynhampton.com
Email: apierce@corbynhampton.com

**ATTORNEYS FOR DEFENDANT
DURBIN, LARIMORE AND BIALICK**

**April 19, 2011**

# Table of Contents

Table of Contents ................................................................................................. i

Index of Authorities ........................................................................................... ii

Preliminary Statement ........................................................................................ 2

Arguments and Authorities ................................................................................. 4

    A.    PLAINTIFF'S § 1983 CLAIM AGAINST DURBIN, LARIMORE AND BIALICK FAILS AND SHOULD BE DISMISSED. ................................... 4

        1.    Plaintiff's § 1983 Claim Does Not Survive *Twombly* and *Iqbal*. ....... 4

        2.    Plaintiff's § 1983 Claims Fail Because Plaintiff Has Made No Allegations Durbin, Larimore and Bialick Was a State Actor or Acted Under Color of State Law. ........................................................ 6

        3.    Plaintiff's § 1983 Claim Should Be Dismissed Because Durbin, Larimore and Bialick Cannot Be Held Liable Under Section 1983 Based Upon *Respondeat Superior*. .................................................... 9

        4.    Durbin, Larimore and Bialick Cannot Be Liable Under *Respondeat Superior* Where Miller Has Immunity. ................................................ 11

        5.    Negligence Cannot Serve as the Basis for a § 1983 Claim. ................ 13

    B.    PLAINTIFF'S RESPONDEAT SUPERIOR CLAIMS AND NEGLIGENCE CLAIMS FAIL AS PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED AND CANNOT ESTABLISH MILLER WAS ACTING IN HIS COURSE AND SCOPE OF EMPLOYMENT. ...... 14

    C.    PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS FAIL AS PLAINTIFF FAILED TO BRING THEM WITHIN THE STATUTE OF LIMITATIONS. ........................................................................................... 18

Conclusion ....................................................................................................... 20

# Index of Authorities

**Page**

C<small>ASES</small>

*Alvarado v. KOB-TV*
 493 F.3d 1210 (10th Cir. 2007) ................................................................. 3

*Ames v. Miller*
 2007 WL 2558101 (10th Cir., Sept. 6, 2007) ........................................... 8

*Anderson v. Law Firm of Shorty, Dooley & Hall*
 2010 WL 3448106 (5th Cir., Aug. 26, 2010) ......................................... 7, 8

*Ashcroft v. Iqbal*
 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ..................................................
 .................................................................... 4, 9, 10, 14, 17

*Auvaa v. City of Taylorsville*
 506 F.Supp.2d 903 (D. Utah 2007) ........................................................ 11

*Bell Atlantic Corp. v. Twombly*
 550 U.S. 544, 127 S.Ct. 1955,
 167 L.Ed.2d 929 (2007) ...........................................................................
 ........................................... 3, 4, 5, 14, 15, 16, 17, 20

*Bivens v. State ex rel. Oklahoma Memorial Hosp.*
 917 P.2d 456 (Okl. 1996) ........................................................................ 20

*Briscoe v. Lahue*
 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed.2d 96 (1983) ............................. 12

*City of Oklahoma City v. Tuttle*
 471 U.S. 808, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) ........................... 10

*Dill v. Rader*
 1975 OK CIV APP, 533 P.2d 650 .......................................................... 15

*E.F.W. v. St. Stephens Indian High School*
 264 F.3d 1297 (10th Cir. 2001) ................................................................ 6

***Greenberg v. Wolfberg***
    1994 OK 147, 890 P.2d 895 ........................................................................ 19

***Henzel v. Gerstein***
    608 F.2d 654 (5th Cir. 1979) ..................................................................... 12

***Hunt v. Bennett***
    17 F.3d 1263 (10th Cir. 1994) ................................................................... 12

***Imbler v. Pachtman***
    424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976) ............................... 11, 12

***Kalina v. Fletcher***
    980 522 U.S. 118, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997) ...................... 11

***Lemmons v. Law Firm of Morris & Morris***
    39 F.3d 264 (10th Cir. 1994) ..................................................................... 8

***Lindsey v. Dayton-Hudson Corp.***
    592 F.2d 118 (10th Cir. 1979) ................................................................... 18

***Lowery v. County of Riley***
    708 522 F.3d 1086 (10th Cir. 2008) .......................................................... 12

***Lugar v. Edmondson Oil Co., Inc.***
    457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1983) ............................ 6

***McQuade v. Arnett***
    558 F.Supp. 11 (W.D. Okla. 1982) ........................................................... 17

***Meade v. Johnston Memorial Hospital***
    2010 WL 3463639 (W.D. Va., Sept. 2, 2010) ........................................... 16, 17

***Monell v. Dep't of Social Services of New York***
    436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) .............................. 9

***Morrison v. City of Baton Rouge***
    761 F.2d 242 (5th Cir. 1985) ..................................................................... 12

***Nail v. City of Henryetta***
    1996 OK 12, 911 P.2d 914 ......................................................................... 16

***O'Diah v. New York City***
    2003 WL 22481029 (S.D.N.Y., Nov. 4, 2003) ........................................... 8

***Polk County v. Dodson***
    454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981) .............................. 8, 9

***Powell v. Seay***
    1976 OK 22, 553 P.2d 161 ...................................................................... 13

***Ridge at Red Hawk, L.L.C. v. Schneider***
    493 F.3d 1174 (10th Cir. 2007) ................................................................ 3

***Robbins v. Oklahoma***
    519 F.3d 1242 (10th Cir. 2008) ................................................................ 5

***Roggio v. City of Gardner***
    2011 WL 1303141 (D. Mass., March 30, 2011) ...................................... 17

***Romero v. Boulder Co. DA's Office***
    2004 WL 100523 (10th Cir., Jan. 22, 2004) ........................................... 12

***Serna v. Colorado Dept. of Corrections***
    455 F.3d 1146 (10th Cir. 2006) ................................................................ 9

***Smith v. D. Colorado Sears Roebuck and A & D, C.L.***
    2001 WL 1202797 (10th Cir., Oct. 10, 2001) .......................................... 7

***Sooner Products Co. v. McBride***
    708 F.2d 510 (10th Cir. 1983) .................................................................. 7

***Stidham v. Peace Officer Standards and Training***
    265 F.3d 1144 (10th Cir. 2001) .............................................................. 10

***Sturm v. Schrank***
    43 B.R. 755 (S.D.N.Y. 1984) ................................................................... 7

***Sullins v. American Medical Response of Oklahoma, Inc.***
    2001 OK 20, 23 P.3d 259 ................................................................... 19, 20

***Sutton v. Utah State Sch. for the Deaf & Blind***
    173 F.3d 1226 (10th Cir. 1999) ................................................................ 6

***Tonkovich v. Kansas Board of Regents***
    159 F.3d 504 (10th Cir. 1998), *after remand* 254 F.3d 941 (10th Cir. 2001) ........... 10

***Ton Services, Inc. v. Qwest Corp.***
    493 F.3d 1225 (10th Cir. 2007) ................................................................................. 3

***Vasilopoulos v. Krovatinin Klingman, LLC***
    2009 WL 3287530 (3rd Cir., Aug. 6, 2009) ............................................................ 8

***Warney v. Monroe County***
    587 F.3d 113 (2nd Cir. 2009) ................................................................................ 12

***White v. State ex rel. Harris***
    2005 OK CIV APP 79, 122 P.3d 484 ...................................................................... 13

***Wingo v. Mullins***
    2010 WL 4250007 (10th Cir., Oct. 28, 2010) ....................................................... 8, 9

***Woodward v. City of Worland***
    977 F.2d 1392 (10th Cir. 1992) .............................................................................. 13

***Zhu v. Fisher, Cavanaugh, Smith & Lemon***
    151 F.Supp.2d 1254 (D. Kan. 2001) ...................................................................... 7

STATUTES

**12 Okla.Stat. § 95(4)** ............................................................................................... 19

**51 Okla.Stat. § 155** .................................................................................................. 13

**51 Okl.St.Ann. § 157** .............................................................................................. 19

**42 U.S.C. § 1983** ......................................................................................... 2, 3, 9, 10

RULES

**Fed. R. Civ. P. 12(b)(6)** ....................................................................................... 1, 20

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **PARIS LaPRIEST POWELL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-2010-1294-D** |
| | ) | |
| **ROBERT BRADLEY MILLER,** | ) | |
| **individually, ROBERT BRADLEY** | ) | |
| **MILLER, in his official capacity;** | ) | |
| **THE STATE OF OKLAHOMA;** | ) | |
| **OKLAHOMA COUNTY,** | ) | |
| **OKLAHOMA; DURBIN,** | ) | |
| **LARIMORE and BIALICK,** | ) | |
| **a professional corporation,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## DEFENDANT DURBIN, LARIMORE AND BIALICK'S
## MOTION TO DISMISS AND BRIEF IN SUPPORT

COMES NOW Defendant Durbin, Larimore and Bialick, pursuant to Fed.R.Civ.P.

12(b)(6), and submits this Motion to Dismiss the Complaint for Damages filed by

Plaintiff Paris LaPriest Powell ("Plaintiff"). In support of this Motion, Durbin, Larimore

and Bialick sets forth the following Preliminary Statement, Argument and Authorities

and Conclusion. Plaintiff asserts four causes of action against Durbin, Larimore and

Bialick: 1) Count I- Section 1983 federal claim, 2) Count II- state law negligence, 3)

Count III- state law malicious prosecution, and 4) Count V- state law *respondeat*

*superior*. Each of Plaintiff's claims against Durbin, Larimore and Bialick fail as a matter

of law, and the Court should properly grant Durbin, Larimore and Bialick's Motion to

Dismiss.

1

# I. **PRELIMINARY STATEMENT**

Plaintiff filed this lawsuit against Robert Bradley Miller ("Miller"), a former Assistant District Attorney with the Oklahoma County District Attorney's Office, the State of Oklahoma, Oklahoma County and Durbin, Larimore and Bialick. Plaintiff's contends that under 42 U.S.C. § 1983 his Constitutional rights were violated by Miller, who allegedly wrongfully and unconstitutionally procured the prosecution of Plaintiff. (Doc. 1, Complaint). Plaintiff contends that Miller prosecuted Plaintiff for a 1993 murder, knowing that there was no credible evidence Plaintiff was involved in the shooting. Complaint, ¶ 4. Plaintiff contends that in order to secure his conviction, Miller provided favorable treatment to a witness, Derrick Smith ("Smith"), by helping Smith obtain reduced sentences on charges against Smith for various offenses. *Id.* at ¶ 6. Plaintiff contends that Miller failed to disclose the alleged assistance to Plaintiff's counsel and the jury that convicted Plaintiff. *Id.*

Miller left the District Attorney's office in late 1998 and became employed by Durbin, Larimore and Bialick on January 1, 1999. The claims against Durbin, Larimore and Bialick are based upon *respondeat superior*/vicarious liability*,* in which the Plaintiff contends that somehow Miller used the offices of Durbin, Larimore and Bialick in perpetrating his alleged tortious conduct upon the Plaintiff. While the Plaintiff recites a formulaic assertion that Miller's conduct was within the "course and scope" of his employment with Durbin, Larimore and Bialick, a plain reading of the Complaint establishes such allegations are woefully inadequate as to Durbin, Larimore and Bialick and are insufficient to state a claim for relief against Durbin, Larimore and Bialick under

42 U.S.C. § 1983. As set forth herein, the Supreme Court, in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1964, 1965, 167 L. Ed. 2d 929 (2007), stated that in a complaint filed in federal court, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level." *See also Ton Services, Inc. v. Qwest Corporation,* 493 F.3d 1225, 1236 (10th Cir. 2007) (noting that *Bell Atlantic* "articulated a new 'plausibility' standard under which a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' "); *Alvarado v. KOB-TV,* 493 F.3d 1210, 1215 (10th Cir. 2007) (upholding the district court's granting of defendant's motion to dismiss, and quoting *Bell Atlantic,* stating " 'We look for plausibility in th[e] complaint); and *Ridge at Red Hawk, L.L.C,* 493 F.3d 1174, 1177 (10th Cir. 2007) (noting that the previous standard of evaluating motions to dismiss in federal court " 'has earned its retirement,' " and applying *Bell Atlantic* to uphold the dismissal of a suit for failure to state a claim for review of an arbitration award). Here, the Amended Complaint lists nothing that Durbin, Larimore and Bialick did or did not do that is actionable in this case. Plaintiff does *not* allege that Durbin, Larimore and Bialick participated or somehow caused the alleged constitutional deprivation. The absence of sufficient factual allegations against Durbin, Larimore and Bialick is particularly important in this case because Durbin, Larimore and Bialick is not a state actor, did not act under color of state law, and cannot be held liable under 42 U.S.C. § 1983 based on a theory of *respondeat superior.* Additionally, as set forth herein, Plaintiff fails to sufficiently allege any facts establishing, nor could Plaintiff truthfully allege, that Miller was acting in the course and scope of his employment at Durbin, Larimore and Bialick when he allegedly obtained

favorable treatment for Smith and allegedly engaged in the pursuit of continued and wrongful incarceration of the Plaintiff. For the reasons set forth herein, Durbin, Larimore and Bialick should be dismissed.

## II. ARGUMENT AND AUTHORITIES

### A. PLAINTIFF'S § 1983 CLAIM AGAINST DURBIN, LARIMORE AND BIALICK FAILS AND SHOULD BE DISMISSED.

#### 1. Plaintiff's § 1983 claim does not survive *Twombly* and *Iqbal*.

Here, Plaintiff does not specifically reference Durbin, Larimore and Bialick in its § 1983 Claim, but instead asserts a "Respondeat Superior Claim" at Count V which impliedly includes his § 1983 claim. The Plaintiff's allegations against Durbin, Larimore and Bialick consist of the following generic, conclusory and formulaic recitations, containing absolutely no factual detail to support Plaintiff's § 1983/*respondeat superior* claim against Durbin, Larimore and Bialick:

● After Miller became an employee of Durbin, Larimore and Bialick in 1998, he helped witness Smith to obtain reduced sentences in exchange for his testimony against Plaintiff. (Complaint, ¶ 6, 20);

● Actions taken by Miller are the actions of Durbin, Larimore and Bialick and Miller "utilized the offices of and employees of the Durbin, Larimore and Bialick . . . firm to assist him in . . . obtaining favorable treatment for Derrick Smith." (Complaint, ¶ 23 and 51);

● Miller was acting "within the scope of his employment at Durbin, Larimore and Bialick" when providing assistance to Smith. (Complaint, ¶ 52).

4

These are the exact types of formulaic recitations prohibited by *Twombly* and *Iqbal,* and as such Durbin, Larimore and Bialick's Motion to Dismiss should be granted. In *Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir. 2008), the court, citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1964, 1965, 167 L. Ed. 2d 929 (2007), reversed the district court's denial of the Oklahoma Department of Human Services defendants' motion to dismiss. The Tenth Circuit held that the complaint failed to allege a plausible equal protection claim. The court noted that the Supreme Court in *Bell Atlantic* "was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged conspiracies." *Id.* at 1248. The court in *Robbins* held that to plead a plausible claim in a case that is subject to a qualified immunity defense, so as to survive a motion to dismiss, the plaintiffs must allege facts sufficient to show, assuming they are true that defendants possibly violated plaintiffs' constitutional rights, and that those rights were clearly established at the time of the alleged violations. *Id.* at 1249. The court held that where the complaint failed to isolate the alleged unconstitutional acts of each defendant, it did not provide adequate notice as to the nature of the claims against each. *Id.* at 1250. The court noted that the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. *Id.* The court stated that "[g]iven the complaint's use of either the collective term 'defendants' or a list of defendants' named individually, but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.*

2. **Plaintiff's § 1983 Claims Fail Because Plaintiff Has Made No Allegations Durbin, Larimore and Bialick Was A State Actor or Acted Under Color of State Law.**

In order to set forth a claim for relief under § 1983, a plaintiff must assert that the defendants acted under color of state law to deprive him of a federal right. *Sutton v. Utah State Sch. For the Deaf & Blind,* 173 F.3d 1226, 1237 (10th Cir. 1999). It is the § 1983 plaintiff's burden to plead and ultimately establish the existence of a real nexus between the defendant's conduct and the defendant's badge of state authority to demonstrate that the action was taken under color of state law. *E.F.W. v. St. Stephens Indian High School,* 264 F.3d 1297, 1305 (10th Cir. 2001). The United States Supreme Court, in *Lugar v. Edmondson,* set forth a two part test to determine whether an action is attributable to the State. First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the party charged with the deprivation must be a person who may fairly be considered a State actor. *Lugar v. Edmondson Oil Co. Inc.,* 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1983).

In the instant matter, the Plaintiff has made **no allegation** that Durbin, Larimore and Bialick was a State actor. *See* Count I of Plaintiff's Complaint. Plaintiff only makes one vague allegation at Count V of his Complaint for *Respondeat Superior*/Vicarious Liability that Defendant Miller was acting within the scope of his employment at Durbin, Larimore and Bialick when **Miller**, sometimes in concert with Oklahoma County District Attorney's Office, provided continued assistance to Smith. *Id.* at Count V, ¶ 52. This is not an allegation that Durbin, Larimore and Bialick was a state actor, acted under color of

state law, or acted "in concert" with the Oklahoma County District Attorney. It is only an allegation that Brad Miller acted in concert with the District Attorney's office, and Brad Miller is not Durbin, Larimore and Bialick. Nor can Plaintiff contend that, if Brad Miller were acting in concert with the District Attorney's office, Durbin, Larimore and Bialick would somehow become a state actor. This is because there is no *respondeat superior* liability under Section 1983 as is set forth in Paragraph II (A)3 of this Brief. Moreover, the allegation of "acting in concert" is a conclusory allegation that is insufficient to withstand a motion to dismiss, and the courts routinely hold such conclusory allegations are insufficient to survive a motion to dismiss. *Sooner Products Co. v. McBride*, 708 F.2d 510 (10th Cir. 1983); *Smith v. D. Colorado Sears Roebuck and A & D, C.L.*, 2001 WL 1202797 (10th Cir., Oct. 10, 2001); *Anderson v. Law Firm of Shorty, Dooley & Hall*, 393, 2010 WL 3448106 (5th Cir., Aug. 26, 2010). Thus, the Court should dismiss the Section 1983 claim against Durbin, Larimore and Bialick because there is no allegation that Durbin, Larimore and Bialick is a state actor.

Because the Plaintiff has failed to even allege that Durbin, Larimore and Bialick was a State actor or acted under color of State law, the Plaintiff's claims should be dismissed. *See e.g., Zhu v. Fisher, Cavanaugh, Smith & Lemon,* 151 F.Supp.2d 1254, 1258 (D. Kan. 2001)(dismissing § 1983 action against defendant law firm because plaintiff "does not allege any facts to support a finding that defendants are state actors"); *see also Sturm v. Schrank,* 43 B.R. 755, 758 (S.D.N.Y. 1984)(complaint failed to assert state involvement necessary to transform purely private conduct of law firm in representing its client into state action and thus failed to state a claim); *Anderson v. Law*

*Firm of Shorty, Dooley & Hall,* 2010 WL 3448106, *2   (5th Cir., Aug. 26, 2010)(affirming dismissal of plaintiff's complaint against private law firm for failing to allege firm acted under color of state law); *Vasilopoulos v. Krovatinin Klingman, LLC,* 2009 WL 3287530, *1 (3rd Cir., Aug. 6, 2009)(citing *Twombly* and noting that nothing in complaint against law firm and attorney allowed an inference that defendants were acting under color of state law, as required to state a claim under § 1983 and dismissing complaint); *O'Diah v. New York City,* 2003 WL 22481029 (S.D.N.Y. Nov. 4, 2003)(dismissing plaintiff's conclusory allegation claims that law firm, which was a private entity retained in connection with proceeding before a State Board, acted under color of state law by conspiring with judge).

Moreover, any amendment by Plaintiff to attempt to allege "state action" on the part of Durbin, Larimore and Bialick would be futile, as private attorneys traditionally do not act under "color of state law." *See Polk County v. Dodson,* 454 U.S. 312, 318-20, 325, 102 S.Ct. 445, 70 L.E.2d 509 (1981); *Ames v. Miller,* 2007 WL 2558101, *2 (10th Cir. 2007, Sept. 6, 2007)(affirming dismissal of state prisoners § 1983 claims against his former attorney and all law firms attorney had worked for because there was no allegations of state action and denying plaintiff an opportunity to amend complaint because lawyers were not state actors).

Therefore, Plaintiff's claims should be dismissed. *See e.g., Lemmons v. Law Firm of Morris & Morris,* 39 F.3d 264 (10th Cir. 1994)(affirming dismissal of plaintiff's § 1983 action against his former attorney in a workers' compensation matter because his private attorney could not be a state private actor for § 1983 purposes); *Wingo v. Mullins,*

2010 WL 425007 (10th Cir., Oct. 28, 2010)(affirming dismissal of plaintiff's § 1983 action against attorney and his employer law firm and noting that private attorneys ordinarily do not act under color of state law form § 1983 claims).

### 3. Plaintiff's § 1983 Claim Should Be Dismissed Because Durbin Larimore Cannot Be Held Liable Under Section 1983 Based Upon *Respondeat Superior.*

As set forth above, Plaintiff's § 1983 action against Durbin, Larimore and Bialick is based solely upon his allegation of *respondeat superior* for the alleged actions of Defendant Miller. *See* Complaint, ¶ 50-53. To be held liable under § 1983, a defendant must be shown to be someone who "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "Section 1983 is not a vicarious liability provision . . . . [i]n any § 1983 action, the plaintiff must demonstrate the liability of each . . . . official against whom a claim is made," and "the burden is on the plaintiff to develop the facts to show the defendant's responsibility for a constitutional violation." *Serna v. Colorado Dept. of Corrections,* 455 F.3d 1146, 1155 (10th Cir. 2006).

It is well established that a private actor "cannot be held liable *solely* because it employs a tort feasor-or in other words, private actors cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. Dep't of Social Services of New York,* 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.E.2d 611 (1978)(emphasis in original); *Polk,* 454 U.S. at 35, 102 S.Ct. 445 (§ 1983 does not impose liability based upon respondeat superior); Furthermore, in *Ashcroft v. Iqbal,* ___ U.S. ___, 129 S. Ct. 1937, 1948 173 L. Ed. 2d 868

(2009), the Supreme Court held that because vicarious liability is inequitable under *Bivens* and § 1983, the plaintiff must plead *each* defendant, through his or her own actions, has violated the Constitution.

Thus, in order to hold Durbin, Larimore and Bialick liable, the Plaintiff must plead specific facts alleging that Durbin, Larimore and Bialick – as opposed to Miller – directly caused the constitutional violation they complain of by instituting an official policy of some nature that was the direct cause or "moving force" behind the alleged constitutional violations. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 820, 105 S.Ct. 2427, 85 L.E.2d 791 (1985). The Plaintiff must show an affirmative link between a defendant's conduct and a constitutional violation and that affirmative link "must be alleged in the complaint as well as proven at trial." *Stidham v. Peace Officer Standards And Training,* 265 F.3d 1144, 1157 (10th Cir. 2001). In *Tonkovich v. Kansas Board of Regents,* 159 F.3d 504, 518 (10th Cir. 1998), *after* remand, 254 F.3d 941 (10th Cir. 2001), the court noted that, because of the wording of 42 U.S.C. § 1983, the plaintiff "must satisfy the elements of that statute,...which states, in part, '[e]very person who ... *subjects, or causes to be subjected, ....*' " [Emphasis original]. The court in *Tonkovich* stated therefore, "[t]he plain wording of the statute contains an element of causation." *Id.*

Here, the Plaintiff does not allege any facts in its § 1983 claim at Count I or its Respondeat Superior claim at Count V to support an affirmative link between the conduct of Durbin, Larimore and Bialick and any constitutional violation suffered by the plaintiff. Nor does the Plaintiff allege facts that would evidence that Durbin, Larimore and Bialick had an official policy that was the "direct cause" of any constitutional violation resulting

from the alleged conduct of defendant Miller in prosecuting criminal charges against him.

Thus, Plaintiff's claims should be dismissed. *See e.g., Auvaa v. City of Taylorsville,* 506

F.Supp.2d 903 (D. Utah 2007)(dismissing plaintiffs' § 1983 claims against two attorneys

who contracted with the city to conduct criminal prosecutions, along with claims against

the attorney's law firms because plaintiff failed to allege that the law firm had any

enacted any policy that was a "direct cause" of plaintiffs' alleged constitutional

violations);

### 4. Durbin, Larimore and Bialick Cannot Be Liable Under *Respondeat Superior* Where Miller Has Immunity.

Miller and the Firm deny that Miller did anything wrong and deny that Miller

committed any wrongful acts as alleged by Plaintiff. Notwithstanding this, Miller is

entitled to absolute immunity under § 1983. As Miller is entitled to absolute immunity

under § 1983 for his actions, Durbin, Larimore and Bialick cannot be liable under the

doctrine of *respondeat superior/*vicarious liability.[1] A district attorney is absolutely

immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in

preparing for the initiation of judicial proceedings and in carrying the case through the

judicial process. *See Kalina v. Fletcher,* 522 U.S. 118, 123-129, 118 S.Ct. 502, 139

L.Ed.2d 471 (1997); *Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d

128 (1976). This absolute immunity covers a prosecutor's activities as an advocate, *i.e.,*

"activities intimately associated with the judicial phase of the criminal process." *Imbler,*

---

[1] Durbin, Larimore and Bialick understands Miller will file his own Motion to Dismiss
on the immunity issues, therefore Durbin, Larimore and Bialick would adopt and
incorporate herein those same arguments.

424 U.S. at 430, 96 S.Ct. 984. Absolute immunity applies "[e]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts." *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir.1979). Absolute immunity protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge,* 761 F.2d 242, 248 (5th Cir.1985); *Imbler,* 424 U.S. at 430-31, 96 S.Ct. 984 (holding that a prosecutor is absolutely immune from all liability when acting in the role of advocate). *See Briscoe v. Lahue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L. Ed. 2d 96 (1983) (holding that witnesses are immune from 42 U.S.C. § 1983 actions). In *Lowery v. County of Riley,* 522 F.3d 1086, 1090 n.2 (10th Cir. 2008), the Tenth Circuit, citing *Briscoe,* observed, "The officers are, however, absolutely immune from any claim arising out of their testimony at trial, even if that testimony is perjurious." *See also Hunt v. Bennett,* 17 F.3d 1263, 1267-68 (10th Cir. 1994) (absolute immunity protected detective against allegation that he conspired to commit perjury during a preliminary hearing); *Romero v. Boulder Co. DA's Office,* 2004 WL 100523 (10th Cir. Jan. 22, 2004)(district attorney was entitled to absolute immunity from liability where attorney failed to timely notify courts of recantation by victim in state sexual assault prosecution following sentencing); *Warney v. Monroe County,* 587 F.3d 113 (2nd Cir. 2009)(absolute immunity would apply to prosecutor's work performed during a post-conviction collateral attack, thus prosecutors who delayed disclosing exculpatory DNA testing results and finger print analysis while post-conviction motion to compel DNA testing and habeas petition were pending were entitled to absolute immunity from liability in prisoner's § 1983 action).

Additionally, Miller would have immunity pursuant to the Oklahoma Governmental Tort Claims Act, 51 Okla.Stat. § 155. *See e.g., White v. State ex rel. Harris,* 2005 OK CIV APP 79, 122 P.3d 484 (GTCA provides that the State of Oklahoma has adopted sovereign immunity and that its employees acting within the scope of their employment are immune from liability for torts); *see also Powell v. Seay,* 1976 OK 22, 553 P.2d 161 (case preceding enactment of GTCA but finding county attorney immune from malicious prosecution claims as court had routinely held judicial officers were not liable for civil acts).

Thus, where Miller has immunity for his actions, Durbin, Larimore and Bialick cannot be held liable for the same under the doctrine of *respondeat superior/*vicarious liability.

**5.      Negligence Cannot Serve as the Basis for a § 1983 Claim.**

Plaintiff's § 1983 claim against Durbin, Larimore and Bialick is clearly based only upon negligence, *see* Counts I and V, and negligence cannot serve as the basis for a § 1983 claim. Thus, to the extent Plaintiff's claims are based on negligence, they should be dismissed. *See Woodward v. City of Worland,* 977 F.2d 1392, 1399 (10th Cir. 1992)("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a "deliberate" violation of constitutional rights by defendant. It cannot be predicated upon negligence").

**B.      PLAINTIFF'S *RESPONDEAT SUPERIOR* CLAIMS AND NEGLIGENCE CLAIMS FAIL AS PLAINTIFF HAS NOT SUFFICIENTLY ALLEGED AND CANNOT ESTABLISH MILLER WAS ACTING IN HIS COURSE AND SCOPE OF EMPLOYMENT.**

At Count V of his Complaint, Plaintiff contends that Durbin, Larimore and Bialick, as Miller's employer, is liable for the legal torts of Miller, which presumably includes Plaintiff's causes of action for Negligence for Wrongful Imprisonment (Count II) and Malicious Prosecution/Negligence (Count III). However, Plaintiff has failed to adequately allege the principles of *respondeat superior*, pursuant to *Twombly* such that these claims, along with all negligence claims asserted in the Complaint, should be dismissed.

The sole allegation in the *Respondent Superior* claim is a formulaic recitation that Miller "was acting within the scope of his employment at Durbin, Larimore and Bialick" when Miller provided assistance to Derrick Smith. Under *Twombly,* to avoid dismissal for failure to state a claim for relief, a petition must now show sufficient factual allegations "**to state a claim to relief that is plausible on its face**." *Id.* (emphasis added). In order to state a plausible claim for relief, the Plaintiff has the burden to frame a petition with enough factual allegations "to raise a right to relief above the speculative level." *Twombly,* 127 S.Ct. at 1965. Plaintiffs must allege sufficient facts to "nudge[ ] their claims across the line from conceivable to plausible." *Twombly,* 127 S.Ct. at 1974. A plaintiff's obligation to provide grounds for entitlement to relief requires more than labels and conclusions and a formulaic recitation of a cause of action's elements will not do. *Id.* at 1964. As the Supreme Court recently explained in *Ashcroft v. Iqbal,* 129 S.Ct. 1937

(2009), "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* at 1949. Plaintiff bears the burden to frame his complaint with enough factual matter to suggest that he is entitled to relief; it is not enough for him to make threadbare recitals of a cause of action accompanied by mere conclusory statements. *Id.* (citing *Twombly,* 550 U.S. at 556).

Plaintiff makes a facially plausible claim when he pleads **factual content** from which the court can reasonably infer that the defendant is liable for the misconduct alleged. *Id.* Plaintiff must show more than a sheer possibility that a defendant has acted unlawfully-it is not enough to plead facts that are "merely consistent with" liability. *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 557). "A pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders 'naked assertion [s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly,* 550 U.S. at 555, 557). Rather, a claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Here, the Plaintiff has made no allegations that the alleged actions of Miller were done – or even could be done – to further any purpose of Durbin, Larimore and Bialick. An employer may be liable  tortious acts of its employees "so long as [the] harm is inflicted while the agent or servant is on duty, on the job, or fulfilling an employment-related mission; **and** the complained of act is incident to or activated by such service to the master or principal." *Dill v. Rader,* 1975 OK CIV APP, 533 P.2d 650, 656 (emphasis added). Under the theory of *respondeat superior,* one acts within the scope of

employment if engaged in work assigned, or if doing that which is proper, necessary and usual to accomplish the work assigned, or doing that which is customary within the particular trade or business. *Nail v. City of Henryetta*, 1996 OK 12, 911 P.2d 914.[2]

In reviewing Plaintiff's Complaint, it appears that the only allegations against Miller during his employment at Durbin were an alleged action in October 2000 when "Smith's defense attorney in Oklahoma City learns" that Miller allegedly interceded to get a five year deal for Smith on a trafficking charge, and in 2001, Miller purportedly called an assistant district attorney to get a five year sentence for trafficking and money laundering. *See* Complaint, p. 9. Here, Plaintiff has made absolutely no attempt at alleging any facts asserting how these alleged actions could possibly be incident to or activated by such Miller's service to Durbin. Plaintiff has asserted no facts alleging how Miller could be within the course and scope of his job as a private attorney at Durbin when these alleged acts occurred.

Conclusory allegations asserting a defendant was acting within the course and scope of employment will not survive a *Twombly* motion to dismiss. *Meade v. Johnston*

---

[2]  Plaintiff cites *Nail* in its Complaint at Count II  in his argument that Miller may have acted within the scope of his employment at the DA's office at the beginning of his actions against Mr. Douglas, though "perhaps beyond the scope of his employment as his activities progressed." Presumably, Plaintiff cites this case in an attempt to argue that *Nail* establishes that whether or not Miller was acting in the course and scope of his employment at DA's office is a question of fact. No such allegations are made with respect to Miller's employment at Durbin, Larimore and Bialick, and Plaintiff only makes a conclusory and formulaic recitation Miller *was* acting in the scope of his employment at Durbin, Larimore and Bialick. However, it should be noted that in *Nail*, the Plaintiff was alleging that the officer was acting both within and outside the scope of his authority and the court allowed the Plaintiff to proceed on these alternative theories. Here, the Plaintiff has not alleged *any* facts at all that could possibly support any allegation – within the confines of *Twombly* – to support any argument Miller was acting in the course and scope of his employment at Durbin, Larimore and Bialick.

*Memorial Hospital*, 2010 WL 3463639, 5 (W.D.Va.,2010)(Plaintiff's "baldly conclusory allegation that [employee's] harassing conduct occurred "in the course of" and "within the scope of" his employment does not suffice to defeat a motion to dismiss" under Twombly thus state law tort claims against employer based upon respondeat superior were dismissed). In *Roggio v. City of Gardner,* 2011 WL 1303141 (D. Mass., March 30, 2011), the plaintiff filed suit against a supermarket, alleging *respondeat superior* based upon allegations that a supermarket employee – who also worked part time for the city – conspired to obtain a criminal record of the plaintiff and invaded plaintiff's privacy rights by providing the criminal record to others. Plaintiff alleged that the employee was acting in the course and scope of his employment with the supermarket when he improperly obtained the criminal record. *Id.* at *6. The court found that the allegations of course and scope were conclusory and should be dismissed under *Twombly* and *Iqbal* because Plaintiff failed to allege that seeking criminal records from the police department was "a task expected of or commonly performed by [supermarket] employees" and no other facts suggested the actions were of the kind the supermarket employee was hired to perform. Thus, the Court held there were no "facts from which the Court could infer that the [employees] were 'motivated at least in part, by a purpose to serve the employer.'" *Id.* at *6.

Additionally, Plaintiff must allege that Durbin, Larimore and Bialick's retention of Miler proximately caused the injury to Plaintiff, in order to find Durbin, Larimore and Bialick responsible under the theory of *respondeat superior. See McQuade v. Arnett,* 558 F.Supp. 11 (W.D. Okla. 1982)( court found, as a matter of law, that there was no

proximate cause for *respondeat superior* claims because plaintiff could not establish television station's employment of news anchor proximately caused news anchor's off duty accident in which he was inebriated and killed pedestrian). Here, Plaintiff has alleged no facts alleging that Durbin, Larimore and Bialick's retention of Miller proximately caused Plaintiff's alleged injuries.

## C. PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS FAIL AS PLAINTIFF FAILED TO BRING THEM WITHIN THE STATUTE OF LIMITATIONS.

As set forth above, Durbin, Larimore and Bialick contends that all negligence claims against it based upon *respondeat superior* should be dismissed because Plaintiff has failed to adequately allege facts establishing (nor could Plaintiff allege any plausible allegations establishing such) that Miller was acting in the course and scope of his employment as a private attorney at Durbin, Larimore and Bialick. In order to maintain a cause of action for malicious prosecution against Durbin, Larimore and Bialick, as Miller's employer, Plaintiff must allege facts upon which the malicious prosecution can be attributed to Durbin, Larimore and Bialick. *See e.g., Lindsey v. Dayton-Hudson Corp.,* 592 F.2d 118, 1124 (10th Cir. 1979)(in malicious prosecution case filed by plaintiff against Target store for alleged malicious prosecution and false arrest perpetrated by Target security guard, some facts had to be shown or alleged to support malice attributable to the employer). Here, Plaintiff has not alleged that Durbin, Larimore and Bialick engaged in *any* action with respect to the alleged malicious prosecution, other than employ Miller.

However, even if this argument is disregarded, Plaintiff's tort claim of malicious prosecution fails for the additional reason that it is time barred by the Oklahoma Statute of Limitations. 12 Okla.Stat. § 95(4) provides that any claim for malicious prosecution must be brought within one year after the cause of action accrues. *Id.* To determine when a cause accrues the court must ascertain (1) the nature of the right the litigant seeks to assert and (2) when the plaintiff could have *first* maintained the cause advanced to a successful result. Generally, the one-year time bar starts to run when the underlying suit upon which the malicious prosecution is based terminates. This is the temporal point that triggers the limitation clock. *Greenberg v. Wolfberg*, 1994 OK 147, 890 P.2d 895, 904. As alleged in the Complaint by Plaintiff, the United States Court of Appeals for the Tenth Circuit recommended the grant of relief of *habeas* to Plaintiff on March 26, 2009 and the murder charges against Plaintiff were dismissed on October 2, 2009. Complaint at p. 10. Plaintiff did not file the Complaint in this case until December 1, 2010 which is clearly more than one year after the dismissal of the murder charges on October 2, 2009. Thus, the latest date a cause of action for malicious prosecution could possibly have accrued would be **October 2, 2010**.

Durbin, Larimore and Bialick is a private actor – not a state or political subdivision – thus no tort claim notice would need to be filed against Durbin, Larimore and Bialick prior to the filing of this lawsuit, such that Plaintiff cannot contend that any delay was caused by a required notice under the GTCA. *See* 51 Okl.St.Ann. § 157 ("A person may not initiate a suit **against the state or a political subdivision** unless the claim has been denied in whole or in part.")(emphasis added); *Sullins v. American*

*Medical Response of Oklahoma, Inc.*, 2001 OK 20, 23 P.3d 259, 264 (answering certified question for statute of limitations and holding private entity is not an "agency" of a public trust under the Governmental Tort Claims Act); *Bivins v. State ex rel. Oklahoma Memorial Hosp.*, 917 P.2d 456, 465 (Okl.,1996)(the procedures of the GTCA are not applicable to the claim against the defendant physicians because the plaintiffs' action was intended to redress a private tort-not to cast any obligation on the State.)

### III. <u>CONCLUSION</u>

WHEREFORE Defendant Durbin, Larimore and Bialick respectfully requests the Court to grant this Motion and to dismiss Plaintiff's Complaint against Durbin, Larimore and Bialick pursuant to Rule 12(b)(6).

Respectfully submitted,

s/ George S. Corbyn, Jr.
George S. Corbyn, Jr., OBA No. 1910
Amy J. Pierce, OBA No. 17980
CORBYN HAMPTON, PLLC
One Leadership Square
211 North Robinson, Suite 1910
Oklahoma City, Oklahoma 73102
Telephone: (405) 239-7055
Facsimile: (405) 702-4348
Email: gcorbyn@corbynhampton.com
Email: apierce@corbynhampton.com

**ATTORNEYS FOR DEFENDANT
DURBIN, LARIMORE AND BIALICK**

## CERTIFICATE OF SERVICE

I hereby certify that on April 19, 2011 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

s/ George S. Corbyn, Jr.
George S. Corbyn, Jr.