# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

PARIS LaPRIEST POWELL,           )
                                 )
      Plaintiff,                )
                                 )
vs.                              ) Case No. CIV-10-1294-D
                                 )
ROBERT BRADLEY MILLER,           )
   et al.,                       )
                                 )
      Defendants.              )

## PLAINTIFF PARIS POWELL S RESPONSE TO MOTION TO DISMISS OF DEFENDANT DURBIN, LARIMORE, AND BIALICK, BRIEF IN SUPPORT

### I.
### STANDARDS FOR ADJUDICATING MOTIONS TO DISMISS

AA complaint is sufficient if it contains a shortA complaint is sufficient if it contains a sh showing that the pleader is entitled to relief. Federal Rule of Civil Procedure 8.

AllAll avermAll avermeAll averments in the complaint must be construed in the light most favor plaintiff. **Scheuer v. Rhodes,** 416 U.S. 232 (1974).

AlthoughAlthough a Court need notAlthough a Court need not accept as true allegations consistingA oror formulae, factual allegations which are plausible are suor formulae, factual allegations which are p **Twombly,Twombly,** 550 U.S. 554, 555, 5550 U.S. 554, 555, 56550 U.S. 554, 555, 562-63 (2007 probabilityprobability that the Plaintiff is entitled to relief, but must contain enougprobability that the

reasonable expectation that discovery will reveal [sufficient] evidence ... **Id.** at 556-57.

## II.
## SECTION 1983 CLAIM AGAINST DURBIN, LARIMORE, AND BIALICK

### A. Particularity of Pleading

Plaintiff Powell has pleaded that Defendant Robert Bradley Miller ... malicious prosecution of Paris Powell as part of ...

Plaintiff alleged:

> Mr. Miller utilized the offices and employees of Durbin, Larimore, and ... in the pursuit of the continued and wrongful incarceration of Paris Powell. ... used office equipment and office staff to ... favorable treatment of Derrick Smith. The ... Miller's attempts, for a time successful, to keep hi... been misinformed regarding Smith's ... to Miller's attempts, for a time successful, to keep hi... convictions and death sentence were unreliable and in contravention of the Fourteenth Amendment to the federal constitution.

(Complaint, ¶ 58)

Because these allegations plausibly suggest that the Derrick Smith/Paris Powell activity was that of the law firm, and not just ... to withstand a motion to dismiss.

The complaint further alleges that Miller was acting, during the time period he was employed at Durbin, Larimore, and Bialick in concer... County District Attorney's Office in assuri... incarceration. (Complaint, ¶ 60)

Therefore the allegations are similar to facts found sufficient to withstand

summary judgment in **Lusby v. T.G.&Y. Stores, Inc.,** 749 F.2d 1423, 1432-33 (10th Cir. 1984) **vacated on other grounds,** 474 U.S. 805 (1985):

> T.G.&Y. contends that the trial court erred in submitting to the jury the plaintiff's §1983 claims against it because plaintiffs offered no evidence that T.G.&Y. acted under color of state law. T.G.&Y. is not liable for a civil rights violation simply because it employed Gent. We have held that a private entity that employs an off-duty police officer is not vicariously liable for its employee's deprivations of citizens' civil rights. [citations omitted]
>
> Nevertheless, T.G.&Y. and its managers acted under color of state law within the meaning of §1983 because they were acting in concert with the Lawton police according to a customary plan for dealing with shoplifters that involved a constitutionally forbidden rule or procedure.

The allegations stated in Paris Powell's complaint are sufficient to "raise a reasonable expectation that discovery ..." (**Twombly** at 557) will lead to evidence proving that Defendant Durbin, Larimore, and Bialick, like Defendant T.G.&Y., was engaged in the unconstitutional activity as an event of the company, not as event of the individual separated from the company.

Particularly, where, as here, most facts regarding the law firm's involvement in the case will be within the peculiar knowledge of the law firm, the allegations as stated are sufficient to warrant discovery to supply the details of the firm's activity.

In the alternative, the Plaintiff requests permission to amend the complaint and states that upon amendment, these additional facts, at a minimum could be alleged:

The law firm maintained a file regarding the Paris Powell/Derrick Smith situation and referred to the file by number when responding to an inquiry from the Oklahoma Bar Association.

Members of the law firm, including lead partner Gerald Durbin, attended a substantial part of the federal court evidentiary hearing in the habeas corpus case relating to Paris Powell s death sentence. Mr. Durbin and at least three other persons associated with the firm were present during Mr. Miller s testimony in that case.

While Paris Powell s habeas case was pending, consultation with personnel from the Oklahoma Attorney General s Office occurred at the offices of Durbin, Larimore, and Bialick.

### B. Color of State Law Contentions

Plaintiff Powell s complaint alleges that Mr. Miller, acting as an employee of Durbin, Larimore, and Bialick, was acting in concert with employees of the Oklahoma County District Attorney s Office in suppressing exculpatory evidence and perpetuating false evidence which kept Paris Powell wrongfully convicted. (Complaint, ¶ 60)

It is not necessary for an entity to be governmental itself to be liable under 42 U.S.C. § 1983. Section 1983 liability can occur if the entity acts in concert with a governmental actor. **Dennis v. Sparks,** 449 U.S. 24, 27 (1980). This jointly liable private entity does not necessarily have to be an individual. A corporate private entity can also incur section 1983 liability. See **Lugar v. Edmondson Oil Co., Inc.,** 457 U.S. 922 (1983). See also **Lusby v. T.G.&Y. Stores, Inc.,** 749 F.2d 1423, 1432-33 (10th Cir. 1984) **vacated on other grounds** 474 U.S. 805 (1985).

### C. Respondeat Superior Liability

Plaintiff agrees that respondeat superior is not a correct method of describing the way in which a corporation may incur section 1983 liability. Even though the phrase respondeat superior was used in Mr. Powell's complaint, the complaint also contains facts which create sufficient inference of the law firm's own involvement in Mr. Powell's wrongful continued incarceration for further discovery to be warranted.

### D. Immunity

Defendant Durbin has cited no authority that a private entity may take advantage of immunity afforded to a governmental entity with which it acts.

The authority is not on Durbin's side. A private actor may be liable even if the governmental actor has immunity. **Dennis v. Sparks,** 449 U.S. 24, 27 (1980).

### E. Negligence

Plaintiff makes no contention that section 1983 liability can be predicated solely on negligence. Plaintiff Powell's negligence and section 1983 claims are separate.

## III.
## NEGLIGENCE AND RESPONDEAT SUPERIOR CLAIMS

The facts alleged in paragraph 58 of the complaint create a "plausible" case that Mr. Miller was acting within the scope of employment when he utilized the offices and resources of Durbin, Larimore, and Bialick to assist in keeping Paris Powell unconstitutionally incarcerated.

**Twombly** (at 556-57) requires the Plaintiff to state a plausible case that his contentions are accurate, not that he be able to prove his case in detail prior to discovery.

In the alternative, Mr. Powell requests leave to amend to include, at a minimum, the allegations, mentioned above, that consultation with the prosecution occurred at Durbin offices, that Durbin employees including the lead partner were present at the evidentiary hearing in the habeas case, and that Durbin maintained a file regarding the Derrick Smith/Paris Powell case.

## IV.
## STATUTE OF LIMITATIONS

Defendant Durbin claims the case was filed too late because it was not brought within one year of the time the charges against Paris Powell were dismissed.

However, the statute of limitations for a section 1983 case predicated on malicious prosecution is two years from the time of dismissal. **Beck v. City of Muskogee Police Department,** 195 F.3d 553, 560 (10th Cir. 1999).

Since, as Defendant Durbin states, the charges were dismissed on October 2, 2009, the statute has not yet expired.

## CONCLUSION

For the foregoing reasons, Plaintiff Paris Powell requests that the Court deny Defendant Durbin, Larimore, and Bialick s motion to dismiss. In the alternative, to the extent the Court finds any deficiencies in pleading, Plaintiff Powell requests to be given leave to replead.

Respectfully submitted,

/s/Mark Barrett
**MARK BARRETT**, OBA # 557
P.O. Box 896
Norman, Oklahoma 73070
405-364-8367
405-366-8329 (fax)
barrettlaw@sbcglobal.net


*ATTORNEY FOR PLAINTIFF*


**CERTIFICATE OF SERVICE**

I certify that on this 10th day of May, 2011, I electronically transmitted the document to Clerk of Court using the ECF System for the following ECF registrants: John Jacobsen, Assistant District Attorney, Oklahoma, johjac@oklahomacounty.org.; Murray Abowitz, P.O.; Murray Abowitz, P.O.; Murray, Oklahoma, 73101, mainmail@abowitzlaw.com; George Corbyn, 211 George, Suite 1910, Oklahoma City, Oklahoma 73102, gcorbyn@corbynhampton.com; Gisinger, P.O. Box 1937, Oklahoma City, O Gisinger, Amy Pierce, 211 N. Robinson, Suite 1910, Oklahoma City, Okla apierce@corbynhampton.com; Amy Steele, P.O. Box 1937, Oklahoma City, O 73101, ars@abowitzlaw.com; Victoria Tindall, Oklahoma Attorney General's Office, 313 N.E. 21st St., Oklahoma City, Oklahoma 73105, victoria.tindall@oag.ok.gov; John, Oklahoma Attorney General's Office, 313 N.E. 21st St., Oklahoma City, Ok john.hadden@oag.state.ok.us.


/s/ Mark Barrett
MARK BARRETT