# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| PARIS LaPRIEST POWELL, | ) |
|---|---|
| Plaintiff, | ) |
| vs. | ) Case No. CIV-2010-1294-D |
| ROBERT BRADLEY MILLER, individually, ROBERT BRADLEY MILLER, in his official capacity; THE STATE OF OKLAHOMA; OKLAHOMA COUNTY, OKLAHOMA; DURBIN, LARIMORE and BIALICK, a professional corporation, | ) |
| Defendants. | ) |

### DEFENDANT DURBIN, LARIMORE AND BIALICK'S
### REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO
### DISMISS AND BRIEF IN SUPPORT

COMES NOW Defendant Durbin, Larimore and Bialick, pursuant to Fed.R.Civ.P. 12(b)(6), and submits this Reply to Plaintiff Paris LaPriest Powell's ("Plaintiff") Response to Defendant Durbin, Larimore and Bialick's Motion to Dismiss the Complaint for Damages. In support of this Reply, Durbin, Larimore and Bialick states that Plaintiff's Response fails to provide any case law which support Plaintiff's claims and has failed to set forth any grounds establishing that Plaintiff's Compliant should not be dismissed.

### I.  PRELIMINARY STATEMENT

Plaintiff has filed a Response [Document No. 30] to Durbin, Larimore and Bialick's Motion to Dismiss [Document No. 21] arguing inapposite case law and failing

to establish any grounds to support denial of Durbin, Larimore and Bialick's Motion to Dismiss. As set forth herein, Plaintiff has set forth only conclusory allegations against Durbin, Larimore and Bialick in an attempt to establish causes of action for § 1983 liability, negligence and *respondeat superior* claims.

## II. ARGUMENT AND AUTHORITY

### A. PLAINTIFF'S § 1983 CLAIMS ARE CLEARLY DEFICIENT AND SHOULD BE DISMISSED.

#### 1. Plaintiff Has Not Particularly Plead His § 1983 Claims Against Durbin, Larimore and Bialick.

With respect to Durbin, Larimore and Bialick, Plaintiff admittedly has only alleged that: (1) Miller used the offices, employees and equipment of Durbin, Larimore and Bialick to communicate Miller's requests for favorable treatment of witness Smith; and that (2) Miller was acting in concert with employees of the DA's office while he was employed at Durbin, Larimore and Bialick. *See* Plaintiff Response, p. 2. These are exactly the type of conclusory and formulaic recitations that are prohibited by *Twombly*. When a plaintiff attempts to assert the state action required for a § 1983 claim against private actors based on a conspiracy with government actors, mere conclusory allegations with no supporting factual averments are insufficient. Rather, the plaintiff must specifically plead **facts** tending to show agreement and concerted action. *Tillery, Jr. v. City of Claremore*, 2010 WL 3368657, 1 (N.D.Okla.) (N.D.Okla.,2010) (internal quotation marks and citation omitted); *see Montgomery v. City of Ardmore,* 365 F.3d 926, 942 (10th Cir.2004) ("conclusory allegations are insufficient to state a § 1983 claim" against a private actor where there are no "specific factual allegations suggesting that [the

private actor] conspired with the City"); *Lindsey v. Thompson,* 550 F.Supp.2d 1285, 1288 (E.D Okla. 2006)(failure to plead specific facts showing conspiracy and instead reliance on conclusory allegations supported granting of motion to dismiss § 1983 private actor claims). *See also Sooner Products Co. v. McBride*, 708 F.2d 510 (10th Cir. 1983); *Smith v. D. Colorado Sears Roebuck and A & D, C.L.*, 2001 WL 1202797 (10th Cir., Oct. 10, 2001). Where Plaintiff has not pled facts, the Complaint should be dismissed. *Id.*

> **2. Plaintiff Has Not and Cannot Contend that Durbin, Larimore and Bialick Effectively Controlled Prosecutorial Conditions So As To Hold Them Liable Under § 1983.**

Plaintiff alleges a due process violation pursuant to § 1983. *See* Complaint, ¶¶ 11-12. The Tenth Circuit addressed similar claims in *Erikson v. Pawnee County Board of County Commissioners,* 263 F.3d 1151 (10th Cir. 2001) and affirmed dismissal of plaintiff's § 1983 actions against a private law firm because there were no allegations that the private law firm controlled the prosecution of the plaintiff. In *Erikson,* the plaintiff was charged with two counts of first degree murder. Plaintiff was eventually tried twice for the murders and both times a mistrial occurred. The third prosecution was dismissed without prejudice. The plaintiff then filed suit against the prosecutors, as well as against an individual attorney and his law firm who represented the families of the victims, asserting causes of action based upon 1983 and malicious prosecution. *Id.* at 1153. The plaintiff contended the attorney and his law firm actively participated in and influenced the state prosecution. In affirming the Fed.R.Civ.P. 12(b)(6) dismissal of the attorney and his law firm the Tenth Circuit held:

> First, the participation of a privately-retained attorney in a state criminal prosecution does not violate the defendant's right to due process under federal law **unless the private attorney effectively controlled critical prosecutorial decisions. . . . Such decisions include "whether to prosecute, what targets of prosecution to select, what investigative powers to utilize, what sanctions to seek, plea bargains to strike, or immunities to grant.**

*Id.* at 1154 (emphasis added)(citations omitted).

Here, Plaintiff has not and cannot contend that Durbin, Larimore and Bialick controlled any portion of the prosecution, so as to be liable to the Plaintiff under § 1983 for purported due process violations.

### 3. Plaintiff Has Not And Cannot Establish that Durbin, Larimore and Bialick Enacted An Unconstitutional Policy or Plan.

Plaintiff cites two cases which he contends support his claims against Durbin, Larimore and Bialick under § 1983. *See* Plaintiff's Response, p. 4.

The United States Supreme Court, in *Lugar v. Edmondson,* did set forth a two part test to determine whether an action of a private actor is attributable to the State. However, *Lugar* clearly has not been met by Plaintiff's allegations. First, the deprivation must be caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the party charged with the deprivation must be a person who may fairly be considered a State actor. *Lugar v. Edmondson Oil Co. Inc.*, 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1983). At most, Plaintiff has only alleged that **Miller** – not Durbin, Larimore and Bialick – sometimes acted in concert with the District Attorney's office and provided assistance to witness Smith. *See* Plaintiff's Complaint, Count V, ¶ 52

4

and Plaintiff's Response, p. 4. Plaintiff has not set forth any facts establishing how the actions of Durbin, Larimore and Bialick can possibly be the actions of the State. Instead, allegations directed at Durbin, Larimore and Bialick are *respondeat superior* claims, which are clearly inappropriate under § 1983 and which do not meet the *Lugar* test.

Likewise, the case of *Lusby v. TG&Y Stores, Inc.,* 749 F.2d 1423 (10th Cir. 1984) also does not support Plaintiff's claims, but instead illustrates that Plaintiff has failed to meet the pleading requirements for asserting private actor liability under § 1983 because Plaintiff has not alleged that Durbin, Larimore and Bialick instituted a policy that caused the alleged constitutional violations. In *Lusby,* a verdict against TG&Y was upheld in a § 1983 action because the evidence established that TG&Y had implemented an unconstitutional plan and policy for dealing with shoplifters and acted in concert with the local police in enacting the same. *Id.* at 1433. As stated in Durbin, Larimore and Bialick's Motion to Dismiss, in order to pursue a private actor claim against Durbin, Larimore and Bialick the Plaintiff must establish that Durbin Larimore, and Bialick caused the constitutional violation Plaintiff complains of by instituting an **official policy of some nature** that was the direct cause or "moving force" behind the alleged constitutional violations. *City of Oklahoma City v. Tuttle,* 471 U.S. 808, 820, 105 S.Ct. 2427, 85 L.E.2d 791 (1985). *See* Durbin Larimore, and Bialick's Motion to Dismiss, p. 9. Admittedly, there are situations where a private entity can be liable for acting in concert with a governmental entity, but in those instances a Plaintiff must establish and allege that the private entity "act[ed] in concert with the [ ] police according to a customary plan ... involv[ing] a constitutionally forbidden rule or procedure." *Tillery, Jr.*

5

*v. City of Claremore*, 2010 WL 3368657, * 2 (N.D.Okla.) (N.D.Okla.,2010)(citing *Lusby v. TG&Y Stores, Inc.,* 749 F.2d 1423 (10th Cir. 1984 in support of dismissal for failure to allege plan or procedure on part of private actor).

Such allegations of acting in concert must be more than conclusory allegations in order to withstand a motion to dismiss. *See e.g., Lindsey v. Thompson,* 550 F.Supp.2d 1285, 1288 (E.D Okla. 2006)(failure to plead specific facts showing conspiracy and instead reliance on conclusory allegations supported granting of motion to dismiss § 1983 private actor claims). *See also Sooner Products Co. v. McBride*, 708 F.2d 510 (10th Cir. 1983); *Smith v. D. Colorado Sears Roebuck and A & D, C.L.*, 2001 WL 1202797 (10th Cir., Oct. 10, 2001).

Here, Plaintiff makes no such allegations regarding a policy, plan or procedure implemented by Durbin, Larimore and Bialick which resulted in his alleged constitutional deprivations, and as such Plaintiff's claims fail. Additionally, his allegations regarding "acting in concert" are conclusory and will not withstand a motion to dismiss.

### 4. Plaintiff Is Clearly Seeking to Recover On a *Respondeat Superior* Claim.

Plaintiff alleges at Page 3 of its Response that "even though the phrase respondeat superior was used in Mr. Powell's complaint," the complaint also contains facts sufficient to inference the law firm's own involvement. This statement is disingenuous to say the least. Not a single claim has been alleged against Durbin, Larimore and Bialick directly. Each and every allegation relates to something that Mr. Miller allegedly did as an employee of Durbin, Larimore and Bialick, therefore indicating a claim based upon

*respondeat superior*. Plaintiff has not and cannot refute the well established law establishing there is no § 1983 *respondeat superior* liability. Plaintiff can attempt to explain it away in his Response Brief, but it is clear that *respondeat superior* is the only basis for Plaintiff's claims against Durbin, Larimore and Bialick. If Plaintiff has any direct actions to allege against Durbin, Larimore and Bialick, it can be assumed he would have done so. He does not; therefore, his claims premised on *respondeat superior* should fail.[1]

### B. PLAINTIFF'S NEGLIGENCE CLAIMS FAIL AND SHOULD BE DISMISSED.

Plaintiff contends that his conclusory allegation that Miller was "acting in the course and scope of his employment" when he utilized the offices of Durbin, Larimore and Bialick is sufficient to support his claims for negligence. Clearly, these allegations standing alone are not sufficient to withstand *Twombly*. It is well established that merely alleging a defendant was acting "in the course and scope of employment" is an impermissible, conclusory allegation which is not sufficient to withstand a motion to dismiss without factual allegations. *Meade v. Johnston Memorial Hosp.*, 2010 WL 3463639 (W.D. Va., Sept. 2, 2010); *Roggio v. City of Gardner*, 2011 WL 1303141 (D. Mass., March 30, 2011).

It appears that Plaintiff wants to amend his Complaint to allege facts supporting his negligence claims because Plaintiff contends one partner at Durbin, Larimore and

---

[1] Indeed, even the proposed Amended Complaint Plaintiff has provided to this Court does not make any direct allegations against Durbin Larimore and Bialick establishing that it took any direct actions against the Plaintiff or enacted in policy or custom that directly caused deprivation of the Plaintiff's constitutional rights.

7

Bialick was present at a 2005 *habeas* hearing and because Durbin, Larimore and Bialick purportedly kept a file on this matter. However, no factual allegation has been made establishing that Durbin, Larimore and Bialick had knowledge of Miller's alleged bad acts from the date of his employ in 1999 up to the time of the 2005 *habeas* hearing and it is clear that this is the time frame upon which Plaintiff's claims are based. An employer may be found liable for negligent hiring, retention, or supervision, **only if at the critical time of the tortious incident**, the employer had reason to believe the employee would create an undue risk of harm to others. *N.H v. Presbyterian Church,* 998 P.2d 592, 1999 OK 88. Here, Plaintiff has not and cannot make allegations that Durbin, Larimore and Bialick had reason to believe that Miller would allegedly create a risk of harm to Plaintiff "at the critical time of the tortious incident." Accordingly, even if Plaintiff is allowed to amend his complaint to allege a negligent retention claim, it will not survive a motion to dismiss.

**C. PLAINTIFF ALLEGED A STATE LAW TORT CLAIM OF MALICIOUS PROSECUTION WHICH IS BARRED BY THE STATUTE OF LIMITATIONS.**

At Count III, Plaintiff specifically pled a state law cause of action against the Defendants for malicious prosecution. *See* Complaint, p. 15 ("Count III – Cause of Action Under Oklahoma Governmental Tort Claim Act (Malicious Prosecution and Negligence.") This is the malicious prosecution claim that Plaintiff moved to dismiss on statute of limitations grounds, not the Plaintiff's purported § 1983 claim for malicious prosecution. As set forth above, the § 1983 claims fail for a myriad of other reasons.

Plaintiff does not dispute that 95 Okla.Stat. § 95(4) provides for a one year statute of limitations for a state law claim of malicious prosecution, nor does Plaintiff dispute that on the face of the Complaint it is clearly established that Plaintiff did not bring his state law claim for malicious prosecution within one year. Accordingly, this claim should be dismissed.

D. **PLAINTIFF'S PROPOSED AMENDMENT WILL NOT CURE THE FATAL DEFECTS IN PLAINTIFF'S CLAIMS.**

Plaintiff contends that any deficiencies are cured by his proposed Amended Complaint. Durbin, Larimore and Bialick is preparing a response and objection to Plaintiff's Motion for Leave to Amend his claims on the grounds of futility and anticipates filing this response this week. However, even a cursory review of Plaintiff's proposed amended complaint establishes that Plaintiff has merely continued his line of formulaic and conclusory allegations, which will not withstand a motion to dismiss. Additionally, Plaintiff continues to pursue claims that are not viable under well established case law.

### III. CONCLUSION

Based upon the foregoing, Plaintiff's Complaint should be dismissed.

Respectfully submitted,


s/ George S. Corbyn, Jr.
George S. Corbyn, Jr., OBA No. 1910
Amy J. Pierce, OBA No. 17980
CORBYN HAMPTON, PLLC
One Leadership Square
211 North Robinson, Suite 1910
Oklahoma City, Oklahoma  73102
Telephone: (405) 239-7055
Facsimile: (405) 702-4348
Email: gcorbyn@corbynhampton.com
Email: apierce@corbynhampton.com

**ATTORNEYS FOR DEFENDANT DURBIN, LARIMORE AND BIALICK**

## **CERTIFICATE OF SERVICE**

      I hereby certify that on May 16, 2011 I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

                                            s/ George S. Corbyn, Jr.
                                            George S. Corbyn, Jr.