# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PARIS LaPRIEST POWELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT BRADLEY MILLER, | ) |
| individually, ROBERT BRADLEY | ) |
| MILLER, in his official capacity; THE | ) |
| STATE OF OKLAHOMA; OKLAHOMA | ) |
| COUNTY, OKLAHOMA; DURBIN, | ) |
| LARIMORE and BIALICK, a professional | ) |
| corporation, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANT ROBERT BRADLEY MILLER, INDIVIDUALLY'S
MOTION TO DISMISS AND BRIEF IN SUPPORT**

COMES NOW Defendant, Robert Bradley Miller, Individually ("Mr. Miller"), pursuant to Fed.R.Civ.P. 12(b)(6), and submits this Motion to Dismiss the Complaint for Damages filed by Plaintiff Paris LaPriest Powell ("Plaintiff") [Dkt. No. 1][1]. In support of this Motion, Mr. Miller sets forth the following Preliminary Statement, Argument and Authorities and Conclusion. Plaintiff appears to assert five causes of action against Mr. Miller: Count I- Section 1983 federal claim, Count II- state law negligence, and Count III- state law

---

[1] On May 12, 2011, the Plaintiff filed an Application for Leave to File an Amended Complaint in order to cure deficiencies and clarify his claims [Dkt. No. 32]. Because the Court has not yet granted the Plaintiff's Application, Mr. Miller responds to the Original Complaint. However, Mr. Miller explicitly reserves the right to file a Motion to Dismiss the Amended Complaint, if leave is granted to file the same, and believes that the Plaintiff's proposed Amended Complaint does cure several deficiencies and clarifies the claims the Plaintiff asserts against Mr. Miller.

1

malicious prosecution. Each of Plaintiff's claims against Mr. Miller fail as a matter of law, and the Court should properly grant Mr. Miller's Motion to Dismiss.

## I. **PRELIMINARY STATEMENT**

Plaintiff filed this lawsuit against Mr. Miller (a former Assistant District Attorney with the Oklahoma County District Attorney's Office, and current employee of Durbin Larimore), Oklahoma County, the State of Oklahoma, and Durbin, Larimore, and Bialick (hereinafter, the "firm"). Plaintiff's contends that under 42 U.S.C. § 1983 Mr. Miller violated his Constitutional rights by allegedly wrongfully and unconstitutionally prosecuting the Plaintiff. *See,* Dkt. No. 1, Complaint. Plaintiff contends that Miller prosecuted Plaintiff for a 1993 murder, knowing that there was no credible evidence Plaintiff was involved in the shooting. Complaint, ¶ 4. Plaintiff contends that in order to secure his conviction, Miller provided favorable treatment to a witness, Derrick Smith ("Smith"), by helping Smith obtain reduced sentences on charges against Smith for various offenses. *Id.* at ¶ 6. Plaintiff contends that Miller failed to disclose the alleged assistance to Plaintiff's counsel and the jury that convicted Plaintiff. *Id.* Mr. Miller left the District Attorney's office in late 1998 and became employed by the firm. The claims against Mr. Miller as an individual seem to be based on the Plaintiff's contention that after leaving the District Attorney's office and joining the firm, Mr. Miller continued to perpetrate his alleged tortious conduct upon the Plaintiff. The Supreme Court, in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1964, 1965, 167 L. Ed. 2d 929 (2007), stated that in a complaint filed in federal court, a plaintiff's "[f]actual

allegations must be enough to raise a right to relief above the speculative level." *See also Ton Services, Inc. v. Qwest Corporation,* 493 F.3d 1225, 1236 (10th Cir. 2007) (noting that *Bell Atlantic* "articulated a new 'plausibility' standard under which a complaint must include 'enough facts to state a claim to relief that is plausible on its face.' "); *Alvarado v. KOB-TV,* 493 F.3d 1210, 1215 (10th Cir. 2007) (upholding the district court's granting of defendant's motion to dismiss, and quoting *Bell Atlantic,* stating " 'We look for plausibility in th[e] complaint); and *Ridge at Red Hawk, L.L.C,* 493 F.3d 1174, 1177 (10th Cir. 2007) (noting that the previous standard of evaluating motions to dismiss in federal court " 'has earned its retirement,' " and applying *Bell Atlantic* to uphold the dismissal of a suit for failure to state a claim for review of an arbitration award).

Here, the Complaint lists nothing that Mr. Miller in his individual capacity did or did not do that is actionable in this case. As an individual, non-state actor, and one who was not acting under the color of state law while working for a private firm, Mr. Miller cannot somehow cause the alleged constitutional deprivation. Accordingly, as an individual, Mr. Miller cannot be held liable under 42 U.S.C. § 1983. For the reasons set forth herein, the court should dismiss Mr. Miller.

## II. ARGUMENT AND AUTHORITIES

**A. PLAINTIFF'S § 1983 CLAIM AGAINST MR. MILLER FAILS AND SHOULD BE DISMISSED.**

**1. Plaintiff's § 1983 claim does not survive *Twombly.***

It is difficult, if not impossible, to ascertain the Plaintiff's allegations against Mr. Miller as an individual. The Complaint consists of the following generic, conclusory and formulaic recitations, containing absolutely no factual detail to support Plaintiff's § 1983 claim against Mr. Miller:

- Miller therefore caused the continued prosecution and continued confinement of Paris Powell. Complaint, ¶ 29.

- Because of Miller's continued attempts to cover up and to reshape the truth, Mr. Powell was forced to remain incarcerated for some time after his innocence had been proved and/or the insufficiency of the case against him established. Complaint, ¶ 34.

- Mr. Miller's performance of his duties did not meet professional standards. Complaint, ¶ 41.

These are the exact types of formulaic recitations prohibited by *Twombly,* and as such Mr. Miller's Motion to Dismiss should be granted. In *Robbins v. Oklahoma,* 519 F.3d 1242 (10th Cir. 2008), the court, citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S. Ct. 1964, 1965, 167 L. Ed. 2d 929 (2007), reversed the district court's denial of the Oklahoma Department of Human Services defendants' motion to dismiss. The Tenth Circuit held that the complaint failed to allege a plausible equal protection claim. The court noted that the Supreme Court in *Bell Atlantic* "was particularly critical of complaints that 'mentioned no specific time, place, or person involved in the alleged conspiracies." *Id.* at 1248. The court in *Robbins* held that to plead a plausible claim in a case that is subject to a qualified

4

immunity defense, so as to survive a motion to dismiss, the plaintiffs must allege facts sufficient to show, assuming they are true, that defendants possibly violated plaintiffs' constitutional rights, and that those rights were clearly established at the time of the alleged violations. *Id.* at 1249. The court held that where the complaint failed to isolate the alleged unconstitutional acts of each defendant, it did not provide adequate notice as to the nature of the claims against each. *Id.* at 1250. The court further noted that the burden rests on the plaintiffs to provide fair notice of the grounds for the claims made against each of the defendants. *Id.* The court stated that "[g]iven the complaint's use of either the collective term 'defendants' or a list of defendants' named individually, but with no distinction as to what acts are attributable to whom, it is impossible for any of these individuals to ascertain what particular unconstitutional acts they are alleged to have committed." *Id.*

Powell's Complaint suffers from the exact same infirmities. The Complaint lacks specificity as to the nature of the alleged harms, the timing of the events, and what persons were involved in what actions. More importantly, the Complaint fails to isolate the alleged unconstitutional acts of Mr. Miller, as opposed to any of the other Defendants, thus not only stripping Mr. Miller of fair notice of the grounds for the claims against him, but making it impossible to respond to those claims. The Tenth Circuit does not allow Complaints as vague and unspecific as that filed by Powell.

2. **Plaintiff's § 1983 Claims Fail Because Plaintiff Has Made No Allegations Mr. Miller as an Individual Was A State Actor or Acted Under Color of State Law.**

5

In order to set forth a claim for relief under § 1983, a plaintiff must assert that the defendants acted under color of state law to deprive him of a federal right. *Sutton v. Utah State Sch. For the Deaf & Blind,* 173 F.3d 1226, 1237 (10th Cir. 1999). It is the § 1983 plaintiff's burden to plead and ultimately establish the existence of a real nexus between the defendant's conduct and the defendant's badge of state authority to demonstrate that the action was taken under color of state law. *E.F.W. v. St. Stephens Indian High School,* 264 F.3d 1297, 1305 (10th Cir. 2001). The United States, in *Lugar v. Edmondson,* set forth a two part test to determine whether an action is attributable to the State. First, the deprivation must be caused by the exercise of some right or privileged created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible. Second, the party charged with the deprivation must be a person who may fairly be considered a State actor. 457 U.S. 922, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1983).

In the instant matter, the Plaintiff has not alleged that Mr. Miller, the individual, was a State actor, particularly as it relates to the Plaintiff's claims regarding Mr. Miller's conduct after he joined the firm. To the extent the Plaintiff complains about Mr. Miller's private conduct, after leaving the District Attorney's office and while working for a private law firm, such conduct is not actionable as being that of a state actor.

Without showing that Mr. Miller, as an individual, was a State actor or acted under color of State law, the Plaintiff's claims should be dismissed. *See e.g., Zhu v. Fisher, Cavanaugh, Smith & Lemon,* 151 F.Supp.2d 1254, 1258 (D. Kan. 2001) (dismissing § 1983

action against defendant law firm because plaintiff "does not allege any facts to support a finding that defendants are state actors"); *see also Sturm v. Schrank,* 43 B.R. 755, 758 (S.D. N.Y. 1984) (complaint failed to assert state involvement necessary to transform purely private conduct of law firm in representing its client into state action and thus failed to state a claim); *Anderson v. Law Firm of Shorty, Dooley & Hall,* 2010 WL 3448106, *2 (5th Cir., Aug. 26, 2010) (affirming dismissal of plaintiff's complaint against private law firm for failing to allege firm acted under color of state law); *Vasilopoulos v. Krovatinin Klingman, LLC,* 2009 WL 3287530, *1 (3rd Cir., Aug. 6, 2009) (citing *Twombly* and noting that nothing in complaint against law firm and attorney allowed an inference that defendants were acting under color of state law, as required to state a claim under § 1983 and dismissing complaint); *O'Diah v. New York City,* 2003 WL 22481029 (S.D.N.Y. Nov. 4, 2003) (dismissing plaintiff's conclusory allegation claims that law firm, which was a private entity retained in connection with proceeding before a State Board, acted under color of state law by conspiring with judge).

Moreover, any amendment by Plaintiff to attempt to allege "state action" on the part of Mr. Miller, the individual, would be futile, as private attorneys traditionally do not act under "color of state law." *Polk County v. Dodson,* 454 U.S. 312, 318-20, 325, 102 S.Ct. 445, 70 L.E.2d 509 (1981); *Ames v. Miller,* 2007 WL 2558101, *2 (10th Cir. 2007, Sept. 6, 2007) (affirming dismissal of state prisoners § 1983 claims against his former attorney and all law firms attorney had worked for because there was no allegations of state action and denying

7

plaintiff an opportunity to amend complaint because lawyers were not state actors).

Therefore, Plaintiff's claims should be dismissed. *Lemmons v. Law Firm of Morris & Morris,* 39 F.3d 264 (10th Cir. 1994) (affirming dismissal of plaintiff's § 1983 action against his former attorney in a workers' compensation matter because his private attorney could not be a state private actor for § 1983 purposes); *Wingo v. Mullins,* 2010 WL 425007 (10th Cir., Oct. 28, 2010) (affirming dismissal of plaintiff's § 1983 action against attorney and his employer law firm and noting that private attorneys ordinarily do not act under color of state law form § 1983 claims).

### 3. Mr. Miller Cannot Be Held Liable Where He Has Immunity.

Mr. Miller is entitled to absolute immunity under § 1983 for his actions as the Assistant District Attorney of Oklahoma County. A district attorney is absolutely immune in a civil rights suit for any action taken pursuant to his/her role as prosecutor in preparing for the initiation of judicial proceedings and in carrying the case through the judicial process. *See Kalina v. Fletcher,* 522 U.S. 118, 123-129, 118 S.Ct. 502, 139 L.Ed.2d 471 (1997); *Imbler v. Pachtman,* 424 U.S. 409, 430-31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976). This absolute immunity covers a prosecutor's activities as an advocate, *i.e.,* "activities intimately associated with the judicial phase of the criminal process." *Imbler,* 424 U.S. at 430, 96 S.Ct. 984. Absolute immunity applies "[e]ven where the prosecutor knowingly used perjured testimony, deliberately withheld exculpatory information, or failed to make full disclosure of all facts." *Henzel v. Gerstein,* 608 F.2d 654, 657 (5th Cir.1979). Absolute immunity

protects prosecutors from all liability even when they act "maliciously, wantonly or negligently." *Morrison v. City of Baton Rouge,* 761 F.2d 242, 248 (5th Cir.1985); *Imbler,* 424 U.S. at 430-31, 96 S.Ct. 984 (holding that a prosecutor is absolutely immune from all liability when acting in the role of advocate); *Briscoe v. Lahue,* 460 U.S. 325, 103 S.Ct. 1108, 75 L. Ed. 2d 96 (1983) (holding that witnesses are immune from 42 U.S.C. § 1983 actions). In *Lowery v. County of Riley,* 522 F.3d 1086, 1090 n.2 (10th Cir. 2008), the Tenth Circuit, citing *Briscoe,* observed, "The officers are, however, absolutely immune from any claim arising out of their testimony at trial, even if that testimony is perjurious." *See also Hunt v. Bennett,* 17 F.3d 1263, 1267-68 (10th Cir. 1994) (absolute immunity protected detective against allegation that he conspired to commit perjury during a preliminary hearing); *Romero v. Boulder Co. DA's Office,* 2004 WL 100523 (10th Cir. Jan. 22, 2004) (district attorney was entitled to absolute immunity from liability where attorney failed to timely notify courts of recantation by victim in state sexual assault prosecution following sentencing); *Warney v. Monroe County,* 587 F.3d 113 (2nd Cir. 2009) (absolute immunity would apply to prosecutor's work performed during a post-conviction collateral attack, thus prosecutors who delayed disclosing exculpatory DNA testing results and finger print analysis while post-conviction motion to compel DNA testing and habeas petition were pending were entitled to absolute immunity from liability in prisoner's § 1983 action).

Additionally, Mr. Miller has immunity pursuant to the Oklahoma Governmental Tort Claims Act ("GTCA"), 51 Okla.Stat. § 155. *See e.g.,* 2005 OK CIV APP 79, 122 P.3d 484

9

(GTCA provides that the State of Oklahoma has adopted sovereign immunity and that its employees acting within the scope of their employment are immune from liability for torts); *Powell v. Seay,* 1976 OK 22, 553 P.2d 161 (case preceding enactment of GTCA but finding county attorney immune from malicious prosecution claims as court had routinely held judicial officers were not liable for civil acts). Thus, to the extent Mr. Miller was carrying the case through the judicial process, he has complete immunity for his actions.

    **4.    Negligence Cannot Serve as the Basis for a § 1983 Claim.**

To the extent Plaintiff's claims are based on negligence, they should be dismissed. In *Woodward v. City of Worland,* 977 F.2d 1392, 1399 (10th Cir. 1992), the Tenth Circuited noted, "The Supreme Court has made it clear that liability under § 1983 must be predicated upon a "deliberate" violation of constitutional rights by defendant. It cannot be predicated upon negligence".

**B.    PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS FAIL AS PLAINTIFF FAILED TO BRING THEM WITHIN THE STATUTE OF LIMITATIONS.**

In addition to the reasons noted above, Plaintiff's tort claim of malicious prosecution fails for the additional reason that it is time barred by the Oklahoma Statute of Limitations. 12 Okla.Stat. § 95(4) provides that any claim for malicious prosecution must be brought within one year after the cause of action accrues. *Id.* To determine when a cause accrues the court must ascertain (1) the nature of the right the litigant seeks to assert and (2) when the plaintiff could have *first* maintained the cause advanced to a successful result. Generally, the one-year time bar starts to run when the underlying suit upon which the malicious

prosecution is based terminates. This is the temporal point that triggers the limitation clock. *Greenberg v. Wolfberg* 890 P.2d 895, 904 (Okl.,1994). As alleged in the Complaint by Plaintiff, the United States Court of Appeals for the Tenth Circuit recommended the grant of relief of *habeas* to Plaintiff on March 26, 2009 and the murder charges against Plaintiff were dismissed on October 2, 2009. Complaint at p. 10. Plaintiff did not file the Complaint in this case until December 1, 2010 which is clearly more than one year after the dismissal of the murder charges on October 2, 2009. Thus, the latest date a cause of action for malicious prosecution could possibly have accrued would be **October 2, 2010**.

Mr. Miller as an individual is a private actor – not a state or political subdivision – thus no tort claim notice would need to be filed against Mr. Miller prior to the filing of this lawsuit, such that Plaintiff cannot contend that any delay was caused by a required notice under the GTCA. *See* 51 Okl.St.Ann. § 157 ("A person may not initiate a suit **against the state or a political subdivision** unless the claim has been denied in whole or in part.") (emphasis added); *Sullins v. American Medical Response of Oklahoma*, Inc. 23 P.3d 259, 264 (Okla.,2001) (answering certified question for statute of limitations and holding private entity is not an "agency" of a public trust under the Governmental Tort Claims Act); *Bivins v. State ex rel. Oklahoma Memorial Hosp.*, 917 P.2d 456, 465 (Okl.,1996) (the procedures of the GTCA are not applicable to the claim against the defendant physicians because the plaintiffs' action was intended to redress a private tort-not to cast any obligation on the State.)

Accordingly, since the Plaintiff failed to timely file his action against Mr. Miller, the Court should dismiss the claims against Mr. Miller, individually.

**C.     THE COURT SHOULD NOT EXERCISE SUPPLEMENTAL JURISDICTION.**

To the extent the Court dismisses the Section 1983 federal claim pending against Mr. Miller and the other defendants, this would mean there would only be state law claims pending in this case, and the Court should decline to exercise supplemental jurisdiction and dismiss the state law claims. 28 U.S.C. § 1367(c)(3). To the extent the Court does not dismiss the Section 1983 federal claim against Mr. Miller or the other defendants, the Court should still decline to exercise supplemental jurisdiction over the state law claims asserted against Mr. Miller and should dismiss the same.

In a case containing state and federal claims, a district court may exercise supplemental jurisdiction over state claims when those claims are so related to the federal claims that they form a part of the same case or controversy under Article III of the United States Constitution. 28 U.S.C. § 1367(a). The judicial power to hear both state and federal claims exists where the state and federal claims derive from a common nucleus of operative facts. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Gold v. Local United Food and Commercial Workers Union*, 159 F.3d 1307, 1310 (10th Cir. 1998); *United Intern. Holdings v. Wharf Ltd.*, 210 F.3d 1207 (10th Cir. 2000). State claims cannot simply derive from the same event, they must derive from a "common nucleus of operative facts." *Bullock v. Barham*, 957 F.Supp. 154, 158 (N.D. Ill.

1997). If there is almost no factual or legal overlap between the state and federal claims, a common nucleus of operative facts does not exist. *Ning Ye v. Holder*, 667 F.Supp.2d 103 (D.D.C. 2009).

Here, the federal claims against the other defendants and the state claims against Mr. Miller do not derive from a common nucleus of operative facts; there is almost no factual or legal overlap. The federal claims under Section 1983 involve allegations of suborning perjury and withholding exculpatory material in state criminal prosecutions which occurred in 1995 and 1997. As to the Plaintiff's complaints about Mr. Miller's conduct after he left the District Attorney's Office, the Complaint alleges that Miller did not even go to work for the firm until December 15, 1998, so there is clearly no factual overlap. Plaintiff's Section 1983 claim involves facts and legal issues such as prosecutorial immunity which are entirely different from the state law claims against Mr. Miller, such as negligence. These factual and legal issues involved in this state law claim against Mr. Miller for actions occurring outside his employment as a District Attorney have nothing to do with the facts or law in Plaintiff's 1983 claims. Courts addressing such different state and federal claims routinely decline to exercise supplemental jurisdiction over the state law claims. *Gold v. Local United Food and Commercial Workers Union*, 159 F.3d 1307 (10th Cir. 1998) (plaintiff sued employer for her termination alleging Title VII sex discrimination, and court declined supplemental jurisdiction over state law claim against same employer for wrongful termination for filing workers compensation claim); *Didzerekis v. Stewart*, 41 F.Supp.2d 840 (N.D. Ill. 1999)

(court declined supplemental jurisdiction over wife's estate's state law wrongful death claim against husband where wife's estate also had a Section 1983 federal claim against police officers for failure to protect murder victim from husband); *Serrano-Moran v. Grau-Gaztambide*, 195 F.3d 68 (1st Cir. 1999) (court declined supplemental jurisdiction over parents' state law medical malpractice death claims against doctors who treated their son where parents had a federal Section 1983 claim against police officers who allegedly beat their son).

### III. <u>CONCLUSION</u>

The Court should dismiss the Plaintiff's Complaint against Mr. Miller for numerous reasons. The Complaint fails in its requirement to identify which allegations the Plaintiff makes against which Defendant or how he alleges Mr. Miller caused him harm. Further, the Complaint fails to establish a 1983 claim against Mr. Miller because either Mr. Miller was acting withing his role to see a case through the judicial system, in which case his is subject to absolute immunity, or he was acting as an employee at a private firm, in which case he was neither a state actor nor acting under the color of state law. Moreover, the Plaintiff's claims against Mr. Miller are time-barred by the Statute of Limitations. Simply, the Plaintiff's Complaint against Mr. Miller is legally infirm and subject to dismissal.

WHEREFORE, Robert Bradley Miller, individually, moves the Court for an Order Dismissing the Plaintiff's Complaint against him.

Respectfully submitted,

s/Amy R. Steele
Murray E. Abowitz, OBA No. 00117
Kayce L. Gisinger, OBA No. 12674
Amy R. Steele, OBA No. 20344
ABOWITZ, TIMBERLAKE, DAHNKE &
    GISINGER P.C.
P.O. Box 1937
Oklahoma City, OK 73101
Telephone:   (405) 236-4645
Facsimile:   (405) 239-2843
E-Mail:   mea@abowitzlaw.com
        klg@abowitzlaw.com
        ars@abowitzlaw.com
        mainmail@abowitzlaw.com
***Attorneys for Robert Bradley Miller***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 27th day of May, 2011, I electronically transmitted the foregoing to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Mark H. Barrett - barrettlawoffice@gmail.com
***Attorney for Plaintiff***


John D. Hadden - John.Hadden@oag.state.ok.us
Victoria D. Tindall - Victoria.Tindall@oag.state.ok.us
***Attorneys for Defendants, State of Oklahoma and Robert Bradley Miller, in his official capacity***


John M. Jacobsen - johjac@oklahomacounty.org
***Attorney for Oklahoma County, Oklahoma***


George S. Corbyn, Jr. - gcorbyn@corbynhampton.com
Amy J. Pierce - apierce@corbynhampton.com
***Attorneys for Defendant, Durbin, Larimore and Bialick***

                                                    s/Amy R. Steele
                                                    Amy R. Steele