# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| PARIS LaPRIEST POWELL, )<br>)<br>)<br>)<br>Plaintiff, )<br>v. )<br>)<br>ROBERT BRADLEY MILLER, )<br> individually, )<br>ROBERT BRADLEY MILLER, in his )<br> official capacity; )<br>THE STATE OF OKLAHOMA; OKLAHOMA )<br>  COUNTY, OKLAHOMA; and )<br>DURBIN, LARIMORE AND BIALICK, )<br> a professional corporation; )<br>)<br>Defendants. ) | Case No. CIV-10-1294-D |

## **ORDER**

Before the Court are the motion to dismiss filed by Robert Bradley Miller ("Miller") in his individual capacity [Doc. No. 54] and the motion to dismiss filed jointly by Miller in his official capacity and the State of Oklahoma ("State") [Doc. No. 56]. Both motions seek dismissal pursuant to Fed. R. Civ. P. 12(b)(6), arguing the Amended Complaint fails to allege facts sufficient to state a claim for relief against the movants. Plaintiff timely responded to each motion. Because the two motions are based on the same factual contentions and raise similar legal issues, both are addressed herein.

Pursuant to 42 U. S. C. § 1983, Plaintiff alleges the defendants violated his constitutional rights in connection with his 1997 Oklahoma County murder conviction. He also asserts pendent state law claims. Plaintiff's claims are based on the alleged wrongful conduct of Miller, the Oklahoma County assistant district attorney who prosecuted the criminal case against Plaintiff and

a criminal case against Yancey Lyndell Douglas ("Douglas"). Although tried separately, Plaintiff and Douglas were convicted of the murder of Shauna Farrow, and both were sentenced to death.

After exhausting his state appellate remedies, Plaintiff filed a petition seeking habeas corpus relief in Case No. CIV-00-1859-C. Relief was granted by the district court, and the Tenth Circuit Court of Appeals affirmed that decision on March 26, 2009. *See Douglas v. Workman,* 560 F.3d 1156, 1196 (10th Cir. 2009).[1] In granting habeas relief, the Tenth Circuit found, *inter alia,* that the convictions of both Plaintiff and Douglas were based on the false testimony of a witness, that Miller failed to correct the false statements at trial, and that Miller's failure to produce certain materials to the defense counsel constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972). The Oklahoma County District Attorney did not pursue new trials and, in October of 2009, the murder charges against both Plaintiff and Douglas were dismissed.

Plaintiff then filed this action. Douglas filed a separate lawsuit, Case No. CIV-10-1295-D (the "Douglas lawsuit"), against the same defendants, and he asserted claims identical to those raised by Plaintiff in this case. The allegations focus on the conduct of Miller. Plaintiff alleges that Miller wrongfully procured Plaintiff's murder conviction by suborning perjury and by suppressing exculpatory evidence. Specifically, he alleges that Miller induced a witness, Derrick Smith ("Smith"), to falsely identify Plaintiff and Douglas as the individuals who shot and killed Shauna Fowler and wounded Smith.[2] Plaintiff further alleges that, in return for that testimony, Miller

---

[1] Douglas also filed a petition for habeas relief in Case No. CIV-02-101-C. Although the district court denied habeas relief, that decision was reversed by the Tenth Circuit. *Douglas,* 560 F.3d at 1196.

[2] Although Plaintiff and Douglas were tried separately, Smith testified in both trials. As the Tenth Circuit explained in its decision, Smith later recanted his identification testimony. *Douglas*, 560 F.3d at 1167-68.

2

agreed to assist Smith in obtaining favorable treatment in a parole hearing as well as other criminal matters.

Plaintiff alleges that, during the trial, Miller falsely represented to the jury that Smith had no agreement with the prosecution in return for his testimony. He further alleges that, after Plaintiff's conviction, Miller continued to assist Smith by influencing other prosecutors to file reduced criminal charges or otherwise secure leniency for Smith in criminal matters unrelated to Plaintiff's case. According to Plaintiff, Miller did so to ensure that Smith would not reveal the fact that he falsely testified in exchange for Miller's agreement to assist him. Plaintiff alleges that, after Miller was no longer employed as a prosecutor and had joined a private law firm, he continued this wrongful conduct by communicating with prosecutors in an effort to assist Smith with criminal matters and obtain favorable treatment for Smith.

Plaintiff seeks to hold Miller individually liable under § 1983, alleging his conduct violated Plaintiff's constitutional rights. He also seeks to hold Miller, in his official capacity, liable along with the State for malicious prosecution or, alternatively, for negligence. The same claims were asserted against Miller and the State in the Douglas lawsuit.

In the Douglas lawsuit, Miller sought dismissal of both Douglas's claims against him in his individual capacity and in his official capacity, arguing the allegations were insufficient to state a claim for relief against him in either capacity. The State joined in the motion to dismiss the official capacity claims, arguing Douglas failed to allege facts to state a claim for relief against the State. On March 30, 2012, the Court entered an Order [Doc. No. 55] in the Douglas lawsuit in which it granted in part and denied in part the motions to dismiss.

The Court's review of the two motions to dismiss [Doc. Nos. 54 and 56] in this case and the

briefs submitted by the parties reflects that the movants assert the same arguments in this case as were raised in support of the motions to dismiss in the Douglas lawsuit.[3] Similarly, Plaintiff's responses assert the same arguments here as were raised by Douglas in opposing dismissal. Plaintiff in this case has presented no argument or legal authority that would warrant a different ruling on the motions to dismiss in this case.

Accordingly, the Court need not discuss in detail the bases for the motions or the responses thereto or the legal analysis applicable to those arguments. The Court adopts and incorporates herein its rulings in the Douglas lawsuit, Case No. CIV-10-1295-D, in its Order [Doc. No. 55] on the motion to dismiss of Miller in his individual capacity as well as the motion to dismiss jointly filed by the State and Miller in his official capacity.[4]

As a result, the Court grants in part and denies in part the two pending motions in this case. Miller's motion to dismiss claims against him in his individual capacity is granted in part and denied in part. For the reasons set forth in the Order [Doc. No. 55] entered in the Douglas lawsuit, Case No. CIV-10-1295-D, the motion is granted to the extent it seeks to impose § 1983 liability for his conduct as an Assistant District Attorney in preparation for, and during, the criminal trial of Plaintiff because such liability is barred by prosecutorial immunity. The motion is denied to the extent it seeks to avoid liability based on Miller's post-trial actions in which he did not act as an advocate for the State and was no longer employed as a prosecutor, including his alleged wrongful efforts on behalf of Derrick Smith.

---

[3]In the joint motion filed by Miller and the State in this case [Doc. No. 56], the movants raise one new argument, seeking to dismiss what they construe as Plaintiff's claim for wrongful imprisonment. However, Plaintiff's response expressly states he is not asserting a wrongful imprisonment claim. Accordingly, the movants' contention is moot and need not be addressed.

[4]The Order in the Douglas lawsuit [Doc. No. 55] also addressed a separate motion to strike certain documents submitted by Douglas. Because that issue is not raised in this case, the portions of the Order [Doc. No. 55] addressing that contention do not apply to this ruling.

The motion to dismiss filed jointly by the State and Miller in his official capacity [Doc. No. 56] is granted to the extent it seeks dismissal of Plaintiff's malicious prosecution claim against the State. The motion is denied to the extent is seeks dismissal of Plaintiff's negligence claim against the State.

Plaintiff has requested leave to file a second amended complaint to cure any pleading deficiencies noted by the Court in ruling on the motions to dismiss. Where a claim is dismissed pursuant to Fed. R. Civ. P. 12(b)(6), leave to amend to cure the deficiency should be granted unless the Court determines that an amendment would be futile. *See, e.g., Bauchman v. West High School*, 132 F.3d 542, 559 (10th Cir. 1997) (citations omitted). Plaintiff also sought leave to amend in the Douglas lawsuit, and the Court found that further amendment would be futile. That same conclusion applies here because amendment would be futile as to the § 1983 claims against Miller in his individual capacity to the extent that those claims are based on conduct which is protected by prosecutorial immunity. With respect to the claims against the State, leave to amend is futile to the extent Plaintiff seeks to assert a claim for malicious prosecution against the State based on Miller's conduct.[5] Accordingly, leave to amend is denied, and the case will proceed on the remaining claims of Plaintiff against Miller in his individual capacity and against the State.

IT IS SO ORDERED this 14th day of January, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

---

[5] As explained in detail in the Order in the Douglas lawsuit, the State cannot, as a matter of law, be liable for Miller's alleged tort of malicious prosecution because proof of the requisite elements of that tort would compel a conclusion that Miller did not act in good faith, and the State cannot be liable for an employee's bad faith tortious conduct. *See* Order [Doc. No. 55] in Case No. CIV-10-1295-D, at pages 18-19.