**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| PARIS LaPRIEST POWELL, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | |
| ) | |
| ROBERT BRADLEY MILLER, ) | |
|  individually, ) | Case No. CIV-10-1294-D |
| ROBERT BRADLEY MILLER, in his ) | |
|  official capacity; ) | |
| THE STATE OF OKLAHOMA; OKLAHOMA ) | |
|  COUNTY, OKLAHOMA; and ) | |
| DURBIN, LARIMORE AND BIALICK, ) | |
|  a professional corporation; ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is the motion [Doc. No. 55] of Durbin, Larimore and Bialick (the "Law Firm"), seeking dismissal of the claims against it in the Amended Complaint in accordance with Fed. R. Civ. P. 12(b)(6). Plaintiff timely responded to the motion, and the Law Firm filed a reply.

Plaintiff brings this action pursuant to 42 U. S. C. § 1983, alleging Defendants violated his constitutional rights in connection with Plaintiff's 1997 murder conviction in Oklahoma County. He also asserts pendent state law claims. Plaintiff's claims are based primarily on the alleged wrongful conduct of Defendant Robert Bradley Miller ("Miller"), the Oklahoma County assistant district attorney who prosecuted the criminal case against Plaintiff and a criminal case against Yancey Lyndell Douglas ("Douglas"). Although tried separately, Plaintiff and Douglas were convicted of the murder of Shauna Farrow, and both were sentenced to death.

After exhausting his state appellate remedies, Plaintiff filed a petition seeking habeas corpus relief in Case No. CIV-00-1859-C. Relief was granted by the district court, and the Tenth Circuit

Court of Appeals affirmed that decision on March 26, 2009. *See Douglas v. Workman,* 560 F.3d 1156, 1196 (10th Cir. 2009).[1] In granting habeas relief, the Tenth Circuit found, *inter alia,* that the convictions of both Plaintiff and Douglas were based on the false testimony of a witness, that Miller failed to correct the false statements at trial, and that Miller's failure to produce certain materials to the defense counsel constituted a violation of *Brady v. Maryland*, 373 U.S. 83 (1963) and *Giglio v. United States,* 405 U.S. 150 (1972). The Oklahoma County District Attorney did not pursue new trials and, in October of 2009, the murder charges against both Plaintiff and Douglas were dismissed.

Plaintiff then filed this lawsuit, asserting § 1983 claims and pendent state claims against Miller in both his individual and official capacities, against the State of Oklahoma, and against the Law Firm. Douglas filed a separate lawsuit, Case No. CIV-10-1295-D (the "Douglas lawsuit"), against the same defendants, and he asserted claims identical to those raised by Plaintiff in this case.

Plaintiff alleges that Miller wrongfully procured Plaintiff's murder conviction by suborning perjury and by suppressing exculpatory evidence. Specifically, he alleges that Miller induced a witness, Derrick Smith ("Smith"), to falsely identify Plaintiff and Douglas as the individuals who shot and killed Shauna Fowler and wounded Smith.[2] Plaintiff further alleges that, in return for that testimony, Miller agreed to assist Smith in obtaining favorable treatment in a parole hearing as well as other criminal matters.

Plaintiff alleges that, during the trial, Miller falsely represented to the jury that Smith had

---

[1]Douglas also filed a petition for habeas relief in Case No. CIV-02-101-C. Although the district court denied habeas relief, that decision was reversed by the Tenth Circuit. *Douglas,* 560 F.3d at 1196.

[2]Although Plaintiff and Douglas were tried separately, Smith testified in both trials. As the Tenth Circuit explained in its decision, Smith later recanted his identification testimony. *Douglas,* 560 F.3d at 1167-68.

2

no agreement with the prosecution in return for his testimony. He further alleges that, after Plaintiff's conviction, Miller continued to assist Smith by influencing other prosecutors to file reduced criminal charges or otherwise secure leniency for Smith in criminal matters unrelated to Plaintiff's case. According to Plaintiff, Miller did so to ensure that Smith would not reveal the fact that he falsely testified in exchange for Miller's agreement to assist him. Plaintiff alleges that, after Miller joined the Law Firm in late 1998, he continued this wrongful conduct. Plaintiff also alleges the Law Firm assisted Miller in doing so. Douglas asserted the same contentions in his lawsuit.

Both Plaintiff and Douglas assert the Law Firm should be liable on the following theories: 1) common law negligence, asserting the Law Firm is liable for Miller's tortious conduct under a *respondeat superior* theory; 2) constitutional rights violations, alleging the Law Firm acted jointly with Miller in committing those violations; and 3) negligent retention and supervision of Miller as an employee of the Law Firm.

The Law Firm seeks dismissal of all claims, arguing the allegations fail to state a claim upon which relief may be granted as to any claim asserted. In the Douglas lawsuit, the Law Firm also moved to dismiss these claims for the same reasons. Its arguments in support of dismissal, and Plaintiff's responses to those arguments, are the same as those presented in the parties' respective briefs in the Douglas lawsuit. On March 29, 2012, the Court filed an Order [Doc. No. 54] in the Douglas lawsuit in which it granted the Law Firm's motion to dismiss all claims asserted against it.

Having reviewed Plaintiff's Amended Complaint as well as the arguments and authorities presented by Plaintiff and by the Law Firm in their briefs addressing the current motion to dismiss, the Court finds that no new argument or authority is presented by Plaintiff which would alter the conclusions reached by the Court in dismissing the Law Firm in the Douglas lawsuit. Accordingly,

the Court concludes that dismissal of Plaintiff's claims against the Law Firm is warranted for the same reasons set forth in detail in the Court's Order [Doc. No. 54] in the Douglas Lawsuit, Case No. CIV-10-1295-D. That Order is adopted and incorporated as though fully set forth herein.

The Law Firm's motion to dismiss [Doc. No. 55] is GRANTED. As explained in the Order [Doc. No. 54] in the Douglas lawsuit, the Court further concludes that leave to amend to correct the deficiencies in the allegations against the Law Firm would be futile. Accordingly, the claims against the Law Firm are dismissed with prejudice.

IT IS SO ORDERED this 14th day of January, 2013.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE