## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

PARIS LAPRIEST POWELL,                          )
               Plaintiff,            )
                       )
v.                                              )          Case No. CIV-10-1294-D
                       )
(1) ROBERT BRADLEY MILLER,                      )
Individually,                                   )
(2) ROBERT BRADLEYMILLER,                       )
in his official capacity;                       )
(3) STATE OF OKLAHOMA;                          )
(4) DURBIN, LARIMORE and                        )
BIALICK, a professional corporation,            )
              Defendants.            )

## PROTECTIVE ORDER

This matter comes before the Court pursuant to Fed. R. Civ. P. 26(c), upon the parties'

joint motion [Doc. No. 79], for an Agreed Protective Order.  Defendant Robert Miller and

Plaintiff Paris LaPriest Powell have agreed to the provisions of this Protective Order.  The

Court finds for good cause shown that a Protective Order should be issued under the

following terms and conditions agreed to by the parties.

### IT IS HEREBY ORDERED THAT:

1.      This Order applies to Confidential Information produced by any party hereto,

whether disclosed in response to document requests, interrogatories, requests for admission,

testimony given in depositions, informal discovery responses, or in any other manner.

2.      The term "Confidential Information" as used in this Agreed Protective Order

shall mean all information, documents, material, recordings and electronic data which have

not been made public, or otherwise published by the Defendant, and which is either a trade secret, proprietary, personal, personnel, business, or financial information of the party.

3.　If one party has possession of documents believed to contain Confidential Information of another party, either party may seek protected status for that information. The procedure for seeking protected status is as follows:

a.　Either prior to or within 15 days after a party uses or discloses information, any other party may advise that party in writing, that the information is believed to be Confidential Information.

b.　Following that notice, if the parties agree that the information is Confidential Information, the information will be appropriately marked in accordance with this Order. In the event a party objects to the designation of any information as Confidential Information, the parties shall proceed in accordance with the terms of paragraph 4 below.

4.　In the event that a party objects to the designation of any information as Confidential Information, that party shall notify all other parties, and thereafter counsel shall meet and confer to attempt to resolve the dispute. If the parties fail to resolve the dispute, the party seeking to maintain the confidentiality of the subject information shall, within fifteen (15) days, present the dispute to the court in camera, and such party shall have the burden of producing evidence or grounds to establish that the confidential designation on the subject information should be continued. The information shall remain protected until a definitive ruling by the court.

5.     All Confidential Information shall be protected and used only for the purposes of this litigation and not for any other purpose, except as provided by this Order.  Subject to the other provisions of this Order, no Confidential Information may be disclosed, except as follows:

a.     To the counsel of record in this case for the respective parties to this litigation and regular employees of such counsel who are working directly with and under the supervision of such counsel in the prosecution or defense of this litigation;

b.     To the parties in this action.

c.     To experts or consultants expressly retained by counsel of record in this action to assist in the preparation of this action for trial, provided that such expert or consultant shall be shown only so much of the Confidential Information as is necessary to the performance of the expert's services in connection with this litigation;

d.     To persons and witnesses whom counsel of record believe are likely to be called to give testimony on matters relating to Confidential Information, provided that such individuals shall have access only to that portion of Confidential Information deemed strictly related to their expected testimony, and provided further that any such person may only be shown Confidential Information during his testimony and in

preparation thereof. These persons and witnesses may not retain any Confidential Information;

e.   Submissions to the Court and its personnel in the conduct of their official duties; and

f.   To court reporters, including deposition court reporters and their staffs.

6.   If filed in connection with a pleading, brief or other court filing, any Confidential Information shall be filed separate from the such pleading, brief or other court filing under seal with the Clerk of the Court. With respect to the filing with the Clerk of the Court of any pleading, brief or other court filing that discloses all or part of any Confidential Information, the portion disclosing the confidential information shall be filed under seal. Any pleading, brief or other court document containing Confidential Information and which is submitted to or filed with the Court shall be submitted or filed in a sealed envelope or a sealed container bearing a legend clearly written on the face of the envelope or container under the name and case number of this litigation stating, "Confidential Information - Under Protective Order" and shall also include a statement substantially conforming to: "This contains confidential information filed in this case by [NAME OF PARTY] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court." Such sealing shall continue until further order of this Court.

Filings of Confidential Information made through the ECF format will follow all applicable procedures noted in the United States District Court of the Western District of Oklahoma *ECF Policies & Procedures Manual.* Pursuant to *ECF Policies & Procedures*

*Manual,* §III.A, a party shall obtain Leave of Court in order to file a document under seal through the ECF format by filing a motion with the court and providing a proposed order granting the filing of such document under seal. Once that motion is granted, the filing party shall submit to the Clerk of the Court the original document in a sealed envelope or a sealed container bearing a legend clearly written on the face of the envelope or container under the name and case number of this litigation stating, "Confidential Information - Under Protective Order" and shall also include a statement substantially conforming to: "This contains confidential information filed in this case by [NAME OF PARTY] and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court." When filing the document containing Confidential Information electronically through ECF, the filing party shall denote the electronic version of the document with the explanatory phrase "[Document] filed under seal pursuant to Court Order issued on [date]." Such sealing shall continue until further order of this Court.

Documents filed electronically under seal containing more than 40 pages shall be filed pursuant to the requirements of *ECF Policies & Procedures Manual*, §II.A.5, which requires the filer to deliver one paper copy of the document, containing any related sealed exhibits, to the Clerk of the Court's office within one business day of the date of the electronic filing. Filing of such a paper copy shall be done within three (3) days of the date of electronic filing in cases where the filer's office is more than fifty (50) miles from the courthouse.

A filing party shall omit or partially redact from documents filed electronically the "personal data identifiers" listed in *ECF Policies & Procedures Manual*, §II.H.1.a. A party

may be granted Leave of Court to file under seal a document containing unredacted personal data identifiers. To do so, a party must follow the procedures delineated in *ECF Policies & Procedures Manual,* §II.H.2.a-b, which require that the filing party file a motion requesting that the document be filed under seal. Once that motion is granted, the filer must submit the original of the unredacted paper document to the Clerk of the Court in a clearly identified envelope containing the notation: "[Document] filed under seal pursuant to Order issued [date]." It will be the responsibility of counsel and parties to ensure that personal data identifiers are properly redacted.

*ECF Policies & Procedures Manual*, §II.A states that, in all cases involving ECF filings, the official Court record shall be the electronic file maintained by the Clerk of the Court and any documents or exhibits filed conventionally. All documents filed electronically via ECF must meet the requirements of the Federal Rules of Civil Procedure, as well as the Local Rules of the United States District Court for the Western District of Oklahoma. Any document submitted through ECF shall not be considered "filed" for purposes of the Federal Rules of Civil Procedure until an ECF System-generated Notice of Electronic Filing ("NEF") is transmitted to the filer. Exhibits and attachments that are filed electronically, both Confidential and otherwise, shall be submitted as separate attachments to the document and shall be clearly labeled with the appropriate exhibit number, pursuant to *ECF Policies & Procedures Manual*, §II.A.4.a-c.

The preceding notwithstanding, if such pleadings, briefs or other court filings are filed with the Court in chambers under the proviso immediately above, each party agrees that it

will inform the Court in writing, with a copy to all parties, that the documents disclose all or portions of any Confidential Information, and will request that such documents not be transmitted to the Clerk of the Court unless the portion disclosing the confidential information is filed under seal.

7.  A party may designate as Confidential Information such portion of any deposition testimony, regardless by whom given, which contains or discloses Confidential Information.  The person desiring to designate any portion of a deposition as Confidential Information shall do so on the record while the deposition is being taken, either personally or through counsel.  In addition, if a document previously designated as Confidential Information is used as an exhibit at a deposition, that document and the deposition testimony concerning it shall be deemed Confidential Information regardless of whether any person makes a formal designation.  Any portion of any deposition testimony that is not designated as Confidential Information shall not be entitled to the protection afforded under this Protective Order, unless the party seeking to maintain the confidentiality of the subject information successfully moves in accordance with the terms of paragraph 3 of this Order.

8.  Confidential Information produced by any party in this action shall be maintained with the utmost confidentiality by all persons having access to it, and after the conclusion of the litigation the parties possessing of any Confidential Information shall destroy it or shall return it to the producing or testifying party along with all copies.

9.  The Termination of this litigation shall not relieve any person covered by this Agreed Protective Order from the obligation to comply with its terms.

10.     This Agreed Protective Order shall not be deemed a waiver of any party's right to oppose production of information or documents for any reason.

11.     All documents produced prior to the entry prior to the entry of this Agreed Protective Order shall be treated for all purposes as if they had been produced after the entry of this Agreed Protective Order.

12.     This Order governs the exchange and use of documents and information before trial. The Parties may seek appropriate orders addressing the use of Confidential Information at trial.

13.     For good cause shown as a result of a change of circumstances in this case, any party may move the court to modify or rescind this Agreed Protective Order, or grant any other relief with respect to its provisions at any time.

IT IS SO ORDERED this 17th day of October, 2013.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE

**APPROVED BY:**

s/ Kayce L. Gisinger
Kayce L. Gisinger, OBA No. 12674
Murray E. Abowitz, OBA No. 00117
ABOWITZ, TIMBERLAKE, DAHNKE & GISINGER, P.C.
P. O. Box 1937
Oklahoma City, OK 73101
Telephone:   (405) 236-4645
Facsimile:    (405) 239-2843
E-Mail:       (klg@abowitzlaw.com
              (mea@abowitzlaw.com
              (mainmail@abowitzlaw.com
*Attorneys for Defendant*
*Robert Bradley Miller, individually*

s/Richard N. Mann
Richard N. Mann, OBA # 11040
Wilson D. McGarry, OBA# 31146
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Section
313 NE 21st Street
Oklahoma City, Oklahoma  73105
Tele: (405) 521-3921   Fax: (405) 521-4518
Email: richard.mann@oag.ok.gov
Email: wilson.mcgarry@oag.ok.gov
*Attorneys for Defendants*
*Robert Bradley Miller, individually*
*and in his official capacity,*
*and the State of Oklahoma*

/s/ Mark Barrett
Mark Barrett, OBA No. 557
P. O. Box 896
Norman, OK    73070
Telephone:  (405) 364-8367
E-Mail: barrettlawoffice@gmail.com
*Attorney for Plaintiff, Paris LaPriest Powell*