IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

PARIS LaPRIEST POWELL, )
 )
      Plaintiff, )
 )
vs. ) Case No. CIV-10-1294-D
 )
ROBERT BRADLEY MILLER, *et al.*, )
 )
      Defendants. )

**O R D E R**

Before the Court is Defendants' Motion to Dismiss as Sanction [Doc. No. 170], filed pursuant to Fed. R. Civ. P. 37(b)(2)(B). Defendants seek a dismissal with prejudice of this action due to Plaintiff's failure to cooperate with a mental examination by Dr. David E. Johnsen, Ph.D. ordered by the Court. *See* 5/9/17 Order [Doc. No. 167] [hereafter, "Order"]. Alternatively, Defendants seek the imposition of a lesser sanction, and propose as an appropriate consequence of Plaintiff's misconduct that his demand for emotional distress damages should be stricken or his evidence regarding such damages should be excluded or limited. Plaintiff has timely opposed the Motion, which is fully briefed.

Defendants' allegations regarding Plaintiff's lack of cooperation are based on a letter from Dr. Johnsen describing his interactions with Plaintiff on the date of the examination. According to Dr. Johnsen, Plaintiff failed to complete any paperwork, to participate fully in the personal interview, and to complete the psychological tests that Dr. Johnsen planned to administer. In response, Plaintiff provides his own affidavit describing a slightly different version of events. Plaintiff does not completely disagree

with Dr. Johnsen's account but, instead, suggests he was led to believe that he could not be compelled to participate with the examination or complete the psychological testing. Defendants in reply challenge this belief as unfounded and unreasonable.

Upon consideration of the Motion, the Court first finds that the Motion should be denied for failure to comply with LCvR37.1. This rule provides: "With respect to all motions or objections relating to discovery pursuant to Fed. R. Civ. P. 26 through 37 and 45, this court shall refuse to hear any such motion or objection unless counsel for the movant first advises the court in writing that counsel personally met and conferred in good faith and, after a sincere attempt to resolve differences, have been unable to reach an accord." *See* LCvR37.1. Defendants do not certify that they made any effort to resolve Plaintiff's lack of cooperation or misunderstanding of his responsibility before filing their Motion.

Further, upon consideration of the circumstances presented by the Motion, the case record, and controlling case law, the Court finds that the requested dismissal would be unwarranted in any event. "Dismissal with prejudice 'represents an extreme sanction' and thus is considered appropriate only in cases involving 'willfulness, bad faith, or [some] fault' on the part of the party to be sanctioned." *Procter & Gamble Co. v. Haugen*, 427 F.3d 727, 738 (10th Cir. 2005) (quoting *Ehrenhaus v. Reynolds*, 965 F.2d 916, 920 (10th Cir. 1992); *Chavez v. City of Albuquerque*, 402 F.3d 1039, 1044 (10th Cir. 2005)) (internal quotations omitted and alteration in *Chavez*). "Before imposing dismissal as a sanction, a district court should ordinarily evaluate the following factors on the record: '(1) the degree

of actual prejudice to the [other party]; (2) the amount of interference with the judicial process; . . . (3) the culpability of the litigant; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions.'" *Gripe v. City of Enid*, 312 F.3d 1184, 1187 (10th Cir. 2002) (quoting *Ehrenhaus*, 965 F.2d at 921, alteration in *Gripe*); *see Procter & Gamble*, 427 F.3d at 738; *Chavez,* 402 F.3d at 1044. The Court is not persuaded by Defendants' argument that these factors weigh in favor of the dismissal of Plaintiff's case at this point.

Finally, the Court is unwilling to assume, as Defendants do, that Plaintiff must have known that he was required to participate fully in the psychological examination and that a failure to comply with Dr. Johnsen's requests would result in sanctions by the Court. However, Plaintiff admits the examination by Dr. Johnsen was not completed as ordered on May 18, 2017. Therefore, the Court will give Plaintiff a second opportunity to submit to the required mental examination "in accordance with the American and Oklahoma Psychological Associations' guidelines for the evaluation, testing, and diagnosis of mental disorders and mental injuries." *See* Order at 3. Should Plaintiff again fail to comply with the Order requiring a mental examination, the Court will determine an appropriate sanction for his willful behavior, which would severely prejudice Defendants' ability to evaluate or defend against Plaintiff's claim for emotional distress damages. Sanctions authorized by Rule 37(b)(2)(A) include an order preventing Plaintiff from pursuing such damages at trial or dismissing his case.

IT IS THEREFORE ORDERED that Defendants' Motion to Dismiss as Sanction [Doc. No. 170] is DENIED.

IT IS FURTHER ORDERED that Plaintiff shall comply with the Order of May 9, 2017 [Doc. No. 167], requiring him to submit to a mental examination by Dr. Johnsen, on a date to be determined by the parties but no later than July 28, 2017. Noncompliance with this Order will result in the imposition of an appropriate sanction upon further motion, which may include a dismissal of the action.

IT IS SO ORDERED this 6th day of July, 2017.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE