IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| PARIS LaPRIEST POWELL, | ) | |
| | ) | |
| Plaintiff, | ) | Case CIV-10-1294-D |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT BRADLEY MILLER, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT
OR, IN THE ALTERNATIVE, OTHER APPROPRIATE SANCTIONS
FOR FRAUD ON COURT
IN CONNECTION WITH DEFENSE PSYCHOLOGIST**

Plaintiff Powell, through counsel, moves for default judgment because of fraud committed by defense psychologist David Johnsen.

Psychologist Johnsen submitted a letter (Doc. 170-1) in which he indicated that, at a May 18, 2017 psychological examination of Mr. Powell, Mr. Powell was uncooperative and unwilling to take psychological tests.

Although Johnsen admitted that he told Mr. Powell he had a choice about whether to take the tests, he left the impression that it was Mr. Powell's lack of cooperation that caused the tests not to be completed. (Doc. 170-1, p.2, bottom paragraph)

The defense, citing Johnsen's information, moved to dismiss the case, because Mr. Powell allegedly "refused to answer the interview questions, fill out the necessary paperwork, or take the written examination."  (Doc. 170, p. 2, bottom of first paragraph)

In truth, in the test-taking portion of the session, which is transcribed as Exhibit 1, Johnsen stated more than once that Mr. Powell had the option of not answering questions and mentioned the advisability of making the session quick because of impending storms.

 Mr. Powell, for his part, indicated that he would answer the questions if he was required to do so.

Mr. Powell was in no instance defiant, or even uncooperative in any way during the test taking  section.

Thus, the assertion  that Mr. Powell refused to "take the written examination" is false.

The assertions of lack of cooperation in the first part of the May 18 session are also inaccurate.

While, Mr. Powell stated the answers to many background questions were a "matter of record"  and even though he said "pass" to some questions, he was cooperative

and Dr. Johnsen did not indicate to Mr. Powell that he was unhappy with Mr. Powell's approach to the session.

Undersigned counsel has listened to tape recordings which appear to be complete recordings of the entire session.

In the first part of the session, Johnsen said to Powell: "If I ask you questions you are not comfortable with answering, it is within your right to simply says, 'I pass.'"

Also, in apparent reference to all or a portion of the background form, Johnsen remarked: "This is unnecessary."

Other remarks of Johnsen in the portion preceding the Exhibit 1 portion:

-- "Everybody's got a right to say or not say whatever they want to say."

-- "It is up to you to decide if you answer whatever I ask. There is no penalty."

Mr. Powell stated: "I'm going to give you whatever you need to give me your professional analysis."

Mr. Powell also maintained a personable and pleasant tone throughout the first part, or clinical interview portion, as he did in the portion which is transcribed as Exhibit 1.

Undersigned counsel has copies of the tapes and requests permission to transfer them to the Court under seal in whatever form is appropriate.

The tapes are too large to be transferred by email, which undersigned counsel has attempted in the past.

Until the evening of August 31, 2017, counsel's only copies of the tape recordings were on his cell phone.  Because of the size of the tapes and counsel's inability to master the appropriate technology, counsel's efforts to transfer the tapes to his computer, which began August 25, 2017, were not successful until late in the evening on August 31, 2017.

Mr. Powell recorded the session on his cell phone.  He recorded in two segments. The first segment lasts for 1 hour, 1 minute and 2 seconds and consists of the first part of the clinical interview.

The second segment is 1 hour, 22 minutes, and 32 seconds, and includes the conclusion of the clinical interview and the entire test-taking portion of the session.

The reason the effort regarding the cell phone began on August 25, 2017 is because it is on that date that counsel for the defense, in a telephone conversation, informed undersigned counsel that the defense was declining to provide Johnsen's raw data.

An email from defense counsel had previously indicated the plaintiff would receive Johnsen's file.  Plaintiff understood "the file" to include Johnsen's data, since defense counsel, in subpoenaing Plaintiff's psychologist subpoenaed his data.  Exhibit 2. Dr. Ray Hand, psychologist for plaintiff, brought his raw data to the deposition and the data were attached to his deposition.  Cover pages of the tests Dr. Hand administered are

attached as Exhibit 3 and these pages and the succeeding data were attached to Dr. Hand's deposition.

Based on listening to tapes of both the first session with Johnsen and Powell and the second session, and based on Johnsen's report failing to provide facts supporting his psychological conclusions, undersigned counsel believes Johnsen's diagnosis, like his allegation of lack of cooperation, to be bogus.

Counsel was intending to challenge Johnsen's conclusions and his assertion of lack of cooperation simultaneously. However, on August 25, 2017 it became apparent that that would not be possible because it would require a motion to compel to get the data. Time before trial is running short and the delay as to the psychological data is attributable to Johnsen, not to plaintiff.,

Because of Johnsen's fraud, a second test of Mr. Powell was necessary (and undersigned counsel believed it necessary to and did sit in the lobby of Johnsen's office throughout the test so counsel could be immediately contacted if there were any difficulties) and time has run short to be able to challenge Johnsen's conclusions, which already seem incongruous with even Johnsen's own version of the facts he stated he gathered.

Counsel for Defendant contended that a sanction of dismissal would be appropriate when it was alleging that Mr. Powell was obstructing the psychological examination process.

5

Therefore, the defense should be estopped from asserting that a sanction less than default judgment is appropriate now that it is apparent it was Johnsen who was the obstructionist.

The sanction of default is permitted by Federal Rule of Procedure 36(b)(2)(C). If circumstances show serious misbehavior, district courts have discretion to determine the most severe sanction is warranted. *NHL v. Metro Hockey Club,* 427 U.S. 639, 642-43 (1976). See also *Gates v. United States,* 752 F.2d 516, 517 (10th Cir. 1985)(failure to fulfill major obligation in case can be grounds for extreme sanction).

For the above reasons, Plaintiff requests that default judgment be rendered in his favor. In the alternative, Plaintiff requests other sanctions, including prohibiting Johnsen from testifying, and awarding attorney fees for counsel needing to attend the second session with Johnsen and attorney fees for time spent in preparing this motion and analyzing the tape recorded material.

Respectfully submitted,
/s/ Mark Barrett
 MARK BARRETT, OBA # 557
P.O. Box 896
Norman, Oklahoma 73070
405-364-8367
barrettlawoffice@gmail.com

**CERTIFICATE OF SERVICE**

I hereby certify that on September 1, 2017 I electronically transmitted the above document to the Clerk of Court using the ECF system for filing, and according to registrations, notice is being sent to the following:

Murray E. Abowitz, mabowitz@dsda.com, Kayce L.Gisinger, klgisinger@phillipsmurrah.com, Richard N. Mann, Richard.mann@oag.ok.gov, Lexie O"Brien, lexie.o'brien@oag.ok.gov.

/s/ Mark Barrett

MARK BARRETT